## Appeal of Martha Snodgrass et al.

1. A decree of the Orphans' Court making an order of sale of the real
estate of a decedent for the payment of debts is not a definitive decree, and
an appeal does not lie therefrom.

2. Ness's Appeal, 1 Watts 255, overruled, and Gesell's Appeal, 3 Norris
238; followed.

October 11th 1880.    Before SHARSWOOD, C. J., MERCUR, GOR-
DON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Orphans' Court of *Westmoreland county :* Sur
motion to quash appeal.

H. P. Laird and W. B. Snodgrass, who were the executors
of John Snodgrass, deceased, obtained an order of the Orphans'
Court of Westmoreland county for the sale of his real estate for
the payment of his debts, although there was a provision in the
decedent's will directing the sale of some portion of his estate.    It
was contended in the Orphans' Court that the court had no power
to order a sale until the executors had first sold the lands which
the testator had directed to be sold.    There were mortgages on
some of them which embarrassed the power of sale under the will,
and the executors went into the Orphans' Court and obtained an
order to sell to avoid this embarrassment.    It was contended that the
testator had ousted the jurisdiction of the Orphans' Court in so far as
he himself had directed a sale.    An appeal was taken from the
order to sell by the widow of the testator.    In the Supreme Court
a motion was made to quash this appeal on the ground that the
order of sale was not a final judgment from which there could be an
appeal, and on the further ground that the Orphans' Court, where
a testator was indebted, had the power to order and direct the sale
of his real estate for the payment of his debts unrestricted by any
direction the testator may himself have given.

[Snodgrass's Appeal.]

*H. P. Laird*, for motion to quash.

*B. Smith*, contra.

Chief Justice SHARSWOOD delivered the opinion of the court, November 8th 1880.

The appellees have made a motion to quash this appeal from the decree of the Orphans' Court making an order of sale for the payment of debts, on the ground that such an order is not a definitive decree. In Ness's Appeal, 1 Watts 255, it was decided that it was definitive—that it was a parol-judgment, commanding the property to be sold—divesting the title of the owner. But we think the reason was not a good one ; for this effect only takes place when the sale is confirmed : Ferree *v.* The Commonwealth, 8 S. & R. 312. Undoubtedly, upon the return of the sale, it would be the duty of the court to refuse confirmation if it appeared for any good reason that the order ought not to have been made, as well as if it had not been properly carried out by the executor or administrator. Why should the proceeding be brought here by piece-meal when the whole may be reviewed on an appeal from the final confirmation ? There might have been a good reason for the decision when the limitation of such appeals was three years, but now under the Act of 1874, unless an appeal is taken in twenty days and security given, the appeal does not operate as a *supersedeas.* The court, in every case of confirmation, will take care to provide that no deed shall be executed to the purchaser until the twenty days have expired. Robinson's Appeal, 12 P. F. Smith 213, and Robinson *v.* Glancy, 19 Id. 89, were cases in which there had been an order of sale—affirmed on appeal in this court—and it was decided that an order of the court to carry the affirmed decree into execution was interlocutory. The opinions in the two cases are not consistent, and there was some mistake in the last case. Chief Justice THOMPSON appears to have thought that the previous case had settled that a decree of sale for the payment of debts or in partition, as that case was, was not definitive. The conclusion we have arrived at harmonizes entirely with Gesell's Appeal, 3 Norris 238, in which it was held that an order of the Orphans' Court awarding an inquest of partition is not a definitive decree, and no appeal lies therefrom. There, as here, there was no divestiture of title, the decree was only a step towards it, and like a judgment by default, without an assessment of damages, was in no sense final. It might have hung unexecuted for years without harm to the heirs, who would have been entitled to the rents and profits in the meantime.

                                                    Appeal quashed.