977 A.2d 1115

**In re ESTATE OF Catherine M. STRICKER, Deceased**

**Appeal of Ronald E. Stricker.**

Supreme Court of Pennsylvania.

Argued Dec. 4, 2008.

Decided Aug. 17, 2009.

56

Richard C. Snelbaker, Esq., Snelbaker & Brenneman, P.C., Mechanicsburg, for Ronald E. Stricker.

Donald M. Lewis, III, Esq., Keefer, Wood, Alleri & Rahal, L.L.P., Harrisburg, for Linda K. Stricker.

Thomas B. Schmidt, III, Esq., Pepper, Hamilton, L.L.P., Harrisburg, for Mary Frances Detweiler.

Allen Shaffer, Esq., Dale Kent Ketner, Esq., Shaffer & Engle Law Offices, L.L.C., Harrisburg, for Estate of Catherine M. Stricker, Deceased.

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD, McCAFFERY, and GREENSPAN, JJ.

## OPINION

Justice GREENSPAN.

This appeal presents the question of appealability of Orphans' Court orders to sell real estate in the process of disposition of an estate. Appellant Ronald Stricker requests that we overrule the Orphans' and Superior Courts, and hold either that the Orphans' Court's orders to sell real estate were final and therefore appealable, or that those orders were interlocutory but appealable as collateral orders. We decline to do either and, accordingly, affirm the Superior Court.

Decedent Catherine M. Stricker's will was admitted to probate on February 15, 2001. Appellant and his sister, Appellee Linda Stricker, were appointed co-executors of the decedent's estate. There are approximately ten beneficiaries to the estate, including Appellant. The two tracts of land at

the core of the present dispute constitute the bulk of the estate's value. The first, referred to below as the "restricted tract," is restricted by an option to repurchase in the deed. Appellee Mary Detweiler, current owner of the adjacent land and proper holder of the option to repurchase, has chosen to exercise the option. The other tract, the "unrestricted tract," has been sold to John Fulton, the highest bidder at auction. On this basis, the Orphans' Court ordered that the unrestricted tract be delivered to him.

Appellant had, prior to the auction, made several offers to the estate to buy both tracts. His offers, which were below fair market value, were rejected by the co-executrix and the beneficiaries. Appellant participated in the public auction for the unrestricted tract, but Mr. Fulton's bid exceeded the amount that Appellant had previously offered for both tracts, and exceeded Appellant's auction bid. When it became apparent after the auction that Appellant would not cooperate in the sale of either tract, Appellee Linda Stricker, as co-executrix, petitioned the court to compel him to sign the agreement of sale disposing of the unrestricted tract. After holding multiple hearings on this issue as well as Appellant's attempts to have Ms. Stricker removed as co-executrix, the court determined that the sale was valid. Appellant filed an appeal of that decision, and on July 15, 2005, the Superior Court quashed the appeal as interlocutory.

The Orphans' Court then considered the status of the restricted tract, determining in an order dated May 11, 2006, that the option to repurchase was valid and binding, and that therefore the co-executors must take steps to consummate the sale. The court also ordered the co-executors to move toward finalizing the sale of the unrestricted tract, which had still not been delivered to Mr. Fulton. Appellant filed a notice of appeal and a statement of matters complained of pursuant to Pennsylvania Rule of Appellate Procedure 1925. The Orphans' Court subsequently issued an opinion pursuant to Rule 1925 wherein it determined that the order appealed from was interlocutory and recommended quashal.

After supplemental briefing, the Superior Court considered the case and determined that the orders appealed from are not final because there had been no final accounting of the estate. The Superior Court further held that the orders appealed from are not collateral and therefore are not appealable under the collateral order doctrine. On those bases, the Superior Court quashed the appeal.[1]

This Court granted Appellant's Petition for Allowance of Appeal on the following issues:

a. Whether the Superior Court erred in holding the Orphans' Court orders to sell the estate's real estate were not appealable because they were not final orders pursuant to Pa.R.A.P. 341 and 342, where the appeal was taken prior to the executors' accounting and order of final distribution.

b. Whether the Superior Court erred in holding the Orphans' Court's orders to sell real estate were not appealable prior to the executors' accounting and final distribution for not being collateral orders under Pa.R.A.P. 313.

*The Finality of the Orders*

 Rule 341 of the Pennsylvania Rules of Appellate Procedure defines a final order as one that disposes of all claims and all parties, is defined as such by statute, or is designated as such at the time it is entered by the trial court in order to expedite appellate review. Pa.R.A.P. 341(b) and (c). Rule 342 allows Orphans' Court judges to designate as final (and therefore immediately appealable) an order "making a distribution, or determining an interest in realty or personalty or the status of individuals or entities." Pa.R.A.P. 342. It does not require that any particular class of orders be treated as final, but instead leaves the determination of finality of orders not disposing of all claims and all parties up to the Orphans' Court judge. Pa.R.A.P. 342(1). Certification under Rule 342 is wisely left to the discretion of the Orphans' Courts, who are in the best position to take the facts of the case into account

---

1. A court always has jurisdiction to decide questions of its own jurisdiction. *Commonwealth v. Ryan*, 459 Pa. 148, 327 A.2d 351, 357 (1974).

when deciding whether an immediate appeal would be appropriate.

"It is fundamental law in this Commonwealth that an appeal will lie only from final orders, unless otherwise expressly permitted by statute." *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721, 724 (1977). An appeal from an order directing the administrator of a decedent's estate to sell real estate belonging to the decedent is interlocutory and must be quashed. *In re Maslowski's Estate,* 261 Pa. 484, 104 A. 675 (1918); *In re Estate of Habazin,* 451 Pa.Super. 421, 679 A.2d 1293 (1996). *See also Appeal of Snodgrass,* 96 Pa. 420, 421 (1880) (holding that an order directing sale of real estate for payment of decedent's debts is not definitive, and an appeal will not lie therefrom: "Why should the proceeding be brought here by piece-meal when the whole may be reviewed on an appeal from the final confirmation?").

Appellant argues that if he is not allowed to appeal immediately from the Orphans' Court's orders, the tracts will be sold, his claims regarding the properties will be lost, and therefore the orders should be considered final. It is true that the real estate will no longer be available to Appellant once a sale to another party is accomplished. But Appellant was not bequeathed the tracts themselves. Instead, Appellant is entitled only to a share of the decedent's estate after it has been liquidated. Therefore, his claim that an immediate appeal is necessary to protect his interests fails. Indeed, Appellant has no greater rights with respect to this property than any potential buyer. Moreover, if we accepted Appellant's argument that any claim on or about property that might be sold during the probate process should be immediately appealable, the appellate court system would be flooded with such appeals and the administration of decedents' estates would be unreasonably delayed.

Appellant's argument in favor of an immediate appeal focuses on two pieces of realty. Appellant's argument applies with even greater strength to personal property. For example, if a piece of furniture were to be sold at auction and

an executor/beneficiary objected to the sale, but was ordered to go through with it by the Orphans' Court, the property could soon be on another continent, well beyond the jurisdiction of our courts. Yet our rules do not permit immediate appeal under such circumstances, unless the Orphans' Court decides its order approving the sale is final pursuant to Pa.R.A.P. 342(1). Under appropriate circumstances, a sale of property might be stayed by an immediate appeal authorized by the Orphans' Court, but the court clearly did not certify its order as final in this case. We find no error. A delay in review of the orders in this case "will not result in the loss of any right in any of the parties because the real estate is not specifically devised under the will to any person, and the proceeds of sale will remain under the review and control of the Orphans' Court until confirmation of the final account." *Habazin*, 679 A.2d at 1295. "[A]n order is not final and appealable merely because it decides one issue of importance to the parties. Rather, for an order to be final and ripe for appeal, it must resolve all pending issues and constitute a complete disposition of all claims raised by all parties." 3 Partridge–Remick, *Practice and Procedure in the Orphans' Court of Pennsylvania* § 26.04.

Ultimately, the Orphans' Court decides estate cases primarily by distributing property from estates, according to the decedent's wishes or the intestacy statute. The special case where immediate appeal is proper is covered by the terms of Pa.R.A.P. 342(1).[2] Appellant nonetheless seeks a ruling declaring all orders to sell certain types of property as final and immediately appealable. There is no basis in existing law for that ruling, and the weight of policy considerations bears heavily against it as well.

*The Collateral Order Doctrine*

Pennsylvania Rule of Appellate Procedure 313 defines a collateral order as one that is "separable from and collateral to the main cause of action where the right involved is too

2. We note that Pa.R.A.P. 311(a)(8), providing immediate interlocutory appeal of an order determining the validity of a will or trust, is not applicable here.

important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). A collateral order is immediately appealable.

■■■ In order to qualify as collateral, an order must be separable from the main cause of action. *Id.* "The doctrine is to be construed narrowly to preserve the integrity of the general rule that only final orders may be appealed; thus, the requirements for a collateral order are applied relatively stringently." *In re Twenty–Fourth Statewide Investigating Grand Jury,* 589 Pa. 89, 907 A.2d 505, 510 (2006), *citing Melvin v. Doe,* 575 Pa. 264, 836 A.2d 42, 46–47 (2003). The Orphans' Court division has jurisdiction over, among other things, "[t]he administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial." 20 Pa.C.S. § 711. In this case, the "main cause of action" is the final administration of Catherine Stricker's estate, along with the distribution of estate property according to her Last Will and Testament (the "Will"), in accordance with the central purpose of the Orphans' Court's jurisdiction. The Will, which consists of a single page, does not make any specific bequests; rather, it first directs that the executors pay debts, expenses, and taxes, and then directs that all remaining property in the estate be given in equal shares to the decedent's children or their issue *per stirpes.* Since the Will directs that the residue be divided equally among the decedent's heirs, it is not possible that an order to sell estate property in pursuit of such division is collateral to the main cause of action. It is, in fact, *central* to the main cause of action. Therefore, Appellant's argument that the contested orders should be appealable as collateral orders must fail.

The order of the Superior Court quashing the appeal is hereby affirmed.

Chief Justice CASTILLE, and Justice BAER, Justice TODD and Justice McCAFFERY join the opinion.

Justice SAYLOR files a concurring opinion.

Justice EAKIN files a concurring opinion.

Justice SAYLOR, concurring.

I join the majority's holding that the order under review is neither a final order nor a collateral one. My main difference with the majority's analysis lies with its discussion of the primary method for obtaining what is effectively interlocutory appellate review of orders determining interests in estate property.

Initially, I note that all parties to this appeal favor immediate appellate review of the Orphans' Court's order, rather than postponing it until the closing of the estate at some indefinite time in the future. *See, e.g.,* Brief of Appellee Linda K. Stricker, at 8 ("Linda Stricker, co-executor and appellee herein, agrees with Ronald Stricker, the other co-executor and appellate herein, that an early disposition by the Superior Court of the merits of Ronald Stricker's concerns about the lower court's orders should facilitate the completion of the administration of the Estate."). This is unsurprising, of course. As a general rule, a purchaser of real property seeks certainty in the title acquired, and the seller seeks to maximize the sale price. In the context of sales, mortgages, leases, and/or options involving estate property, the interests on all sides of transactions are adversely affected by the cloud created when an appeal is delayed until the closing of an estate, an event which may occur many years after the disposition of any individual estate asset.

The majority aptly observes that our Rules of Appellate Procedure contain a vehicle to address the particularized concerns arising from orders determining interests in estate property. Specifically, Rule 342 permits an appeal from a distribution order or an order determining an interest in estate property to proceed as of right, *inter alia,* upon a determination of finality by the orphans' court. *See* Pa.R.A.P. 342(1).[1] The majority correctly interprets the rule as invest-

---

1. Some passages of the majority opinion suggest that Rule 342 is the exclusive mechanism for securing immediate review in the relevant

ing absolute, largely standardless discretion in the orphans' court. I differ, however, with the majority's categorical assessment regarding the wisdom of the rule in this regard. *See* Majority Opinion, *op.* at 58–60, 977 A.2d at 1118.

In my view, there are substantial arguments to be made that estate administration would be better served by a rule providing for the general appealability of estate-related orders determining property interests at least in the real property setting. Notably, the present "determination of finality" procedure does not closely align with the justifications for permitting immediate appeals (facilitating the prompt resolution of potential title disputes to benefit purchasers, the estate, and beneficiaries). Further, the vesting of absolute, standardless discretion in our orphans' courts yields the potential for disparate treatment. *Cf. Commonwealth v. Castillo*, 585 Pa. 395, 401, 888 A.2d 775, 779 (2005) (rejecting the exercise of appellate discretion to review issues on appeal where the appellant has failed to comply with the obligation to file a statement of matters complained of on appeal, where such discretion yields "inconsistent results and uneven justice").

The majority's counter-position is that "if we accepted Appellant's argument that any claim on or about property that might be sold during the probate process should be immediately appealable, the appellate court system would be flooded with such appeals and the administration of decedents' estates would be unreasonably delayed." Majority Opinion, *op.* at 59, 977 A.2d at 1118. The majority does not provide evidence to support its floodgates concern; further, it is significantly diffused by the recognition that the Appellate Rules' requirement of finality delays appeals but does not foreclose them. I also differ with the belief that immediate appeals from orders

context. *See, e.g.,* Majority Opinion, *op.* at 60, 977 A.2d at 1119 (indicating, with regard to an order authorizing a sale of personal property, "our rules do not permit immediate appeal under such circumstances, unless the Orphans' Court decides its order approving the sale is final pursuant to Pa.R.A.P. 342(1)."). It should be borne in mind, however, that Rule 342 expressly recognizes that there may be other available avenues for securing immediate appellate review, for example, a permissive appeal. *See* Pa.R.A.P. 342(2) & Note.

determining interests in estate property unreasonably delay administration. Instead, I believe, consistent with the understanding of all parties to this appeal (and I suspect many other participants in the estate administration process), that allowing appeals as of right most frequently would result in a net benefit.

There are obviously substantial interests in tension in this setting (again, for example, those of the intermediate appellate courts in containing their workload and minimizing piecemeal appeals versus the interests of participants in the estate administration process in maximizing certainty of title). Thus, I believe our Appellate and Orphans' Court Procedural Rules Committees should continue to study the application of the present rule in practice and make recommendations for improvements where appropriate, particularly given the troubling implications of maintaining a system based on absolute, largely standardless discretion.

Justice EAKIN, concurring.

The majority states that as the will directs an equal division of the residue, "it is not possible that an order to sell estate property in pursuit of such division is collateral to the main cause of action. It is, in fact, *central* to the main cause of action." Majority Op., at 61, 977 A.2d at 1119 (emphasis in original). While I agree the order before us was neither a final order, nor a collateral one, I believe this pronouncement is capable of being read too broadly.

For example, if the executor sold the property and on behalf of the estate took a mortgage from the buyer, the estate could not be settled for the term of the mortgage. While the residual beneficiaries may petition for an interim accounting or other relief, the denial of such relief should be subject to appeal without waiting until the mortgage was satisfied and the final accounting filed, a delay that could easily run 20 or more years.

That is, the personal representative of the estate cannot preclude appellate review of his actions by acts that unreason-

ably delay the final accounting. Understanding such facts are not before us, I write only to note that there may be exceptions to the bright-line rule framed by the majority opinion.