**O'Neill v. Kolar**

438

*David L. Braverman,* for defendant.

*Richard S. Julie,* for defendant.

*Matthew A. Taylor* and *Robert M. Palumbos,* for plaintiff.

ALBRIGHT, *J.,* June 15, 2010—The defendant, Erik E. Kolar, appeals from the order of the trial court, dated July 29, 2009, overruling, in part, and sustaining, in part, his preliminary objections to the plaintiffs' amended complaint. For the reasons that follow, the undersigned believes that the defendant's appeal should be quashed and/or dismissed.

## FACTS AND PROCEDURAL BACKGROUND

By way of background, this lawsuit arises out of Mr. Kolar's departure from his former employment as a partner, working alongside and with the plaintiff, Michael O'Neill, managing the Conshohocken-based real estate investment company and plaintiff herein, Preferred Unlimited Inc. After nine years of working together, the parties' business and personal relationship had soured and, on September 17, 2007, Mr. Kolar filed a RICO complaint against the plaintiffs in the U.S. District Court for the Eastern District of Pennsylvania. One month later, the plaintiffs brought this lawsuit against Mr. Kolar who, shortly thereafter, preliminarily objected to the plaintiffs' amended complaint. These objections were subsequently resolved by the undersigned's order of July 29, 2009, which overruled, in part, and sustained, in part, the objections raised by Mr. Kolar.

On August 24, 2009, the defendant, in a timely manner, appealed the trial court's ruling on his preliminary objec-

tions to the Pennsylvania Superior Court. In response, at the lower court's direction, Mr. Kolar submitted his concise statement of error complained of on appeal (Pa. R.A.P. 1925(b) statement), which provided the following:

"Defendant Erik E. Kolar, through undersigned counsel, hereby respectfully submits this concise statement of error complained of on appeal pursuant to Pa.R.A.P. 1925(b) and this court's order dated August 27, 2009, and respectfully identifies the following error of which he complains on appeal:[1]

"Whether the trial court failed to recognize that Mr. Kolar's filing of his RICO complaint in the United States District Court is protected by the doctrine of absolute privilege, and thereby erred in overruling Mr. Kolar's preliminary objections to plaintiffs' abuse of process claim?

"Mr. Kolar further states that this court's order overruling his preliminary objections based on absolute privilege is an appealable collateral order. See Pa. R.A.P. 313; *Huhta v. State Board of Medicine,* 706 A.2d 1275, 1276 (Pa. Commw. 1998).

---

"1. Pursuant to Pa.R.A.P.(b)(3)(vi), Mr. Kolar states that he cannot readily discern the basis for this court's order dated July 29, 2009, which overruled most of Mr. Kolar's preliminary objections to plaintiffs' first amended complaint herein. For example, Mr. Kolar has been unable to determine why the court overruled his preliminary objections to all tort claims based on absolute privi-

lege, why the court overruled his preliminary objection to Mr. O'Neill's contract claim based on Mr. O'Neill's lack of standing, and why the court overruled his preliminary objection to Preferred Unlimited Inc.'s contract claim based on Mr. Kolar's contractual and legal privilege."

## DISCUSSION

Ordinarily, unless permitted by statute or rule, an appeal may be taken only from a final order. *In re Condemnation by City of Philadelphia in 16.2626 Acre Area,* 981 A.2d 391, 396 (Pa. Commw. 2009). According to Pa.R.A.P 341(b), an order is final and appealable only if it: (1) disposes of all claims and parties; or (2) is expressly defined as a final order by statute; or (3) where there is an express determination by the trial court that an immediate appeal would facilitate resolution of the case. See *Brawley Distributing Co. Inc. v. Heartland Properties,* 712 A.2d 331, 332 (Pa. Super. 1998); Pa. R.A.P. 341(c); *Chase Manhattan Mortgage Corp. v. Hodes,* 784 A.2d 144 (Pa. Super. 2001). The undersigned's order, dated July 29, 2009, which overruled, for the most part, all of the defendant's preliminary objections, did not dismiss all claims or parties; nor is the trial court aware of any statutory authority that would render them final. Neither, in fact, did the rulings complained of contain "an express determination that an immediate appeal would facilitate the resolution of the case." Pa.R.A.P. 341(c). It would normally, therefore, necessarily follow that the orders appealed from should properly be considered to be interlocutory and non-appealable.

There are indeed, instances, however, where an appeal from a non-final, interlocutory order might be permitted, provided it falls into one of the following categories, *i.e.*:

(1) Interlocutory appeal as of right, pursuant to Pa.R.A.P. 311;

(2) Interlocutory appeal by permission, pursuant to Pa.R.A.P. 312; or

(3) Collateral order, pursuant to Pa.R.A.P. 313.

The defendant apparently concedes that the trial court's order is not one which is appealable as of right or by permission. See Pa.R.A.P. 312. Instead, Mr. Kolar contends only that the lower court's decision overruling his preliminary objections to the plaintiffs' abuse of process claim constitutes an "appealable collateral order."

That which makes the order "collateral" and, therefore, "appealable," he asserts, is its failure to recognize and sustain the defendant's claim that his filing in federal court of a RICO Complaint[1] is protected by the doctrine of absolute privilege and cannot properly be made the subject or form the basis of the plaintiffs' abuse of process claim. Despite Mr. Kolar's somewhat incredible, vacuous arguments to the contrary, his interpretation of the law of this Commonwealth is strained at best and wrong in the final analysis.

---

1. On September 17, 2007, Mr. Kolar filed a RICO Complaint against the plaintiffs, herein. By order dated February 4, 2010, the Third Circuit affirmed the judgment of the U.S. District Court for the Eastern District of Pennsylvania entered June 19, 2008, dismissed Mr. Kolar's RICO Complaint, and taxed costs against Mr. Kolar.

While, as the defendant opines, statements, allegations and averments made in pleadings or during the course of litigation are certainly in most situations accorded an absolute privilege, they must, nevertheless, be deemed "pertinent and material" to the relief or redress sought before the privilege attaches. See *American Future Systems Inc. v. Better Business Bureau of Eastern Pennsylvania,* 592 Pa. 66, 81 n.10, 923 A.2d 389, 398 n.10 (2007); *Post v. Mendel,* 510 Pa. 213, 220, 507 A.2d 351, 355 (1986). For the most part, the pertinence and materiality of the alleged defamatory statements or averments made in a pleading may be presumed where that presumption has apparently been challenged, as in this case, by the plaintiffs, a decision by this court on whether or not the privilege attaches to those statements or averments, if made now, would be premature and, accordingly, should not be made at this preliminary objection stage. Even if, however, the alleged defamatory statements were to be determined to be absolutely privileged, the gist of the plaintiffs' defamation claims centers primarily on the defendant's alleged publication of his RICO complaint (not its filing) and the allegations contained therein within the *Philadelphia Business Journal.* If, indeed, as alleged, the plaintiffs are able to prove that the defendant's communications with the press media were malicious, and made with the knowledge that they or some of them were untrue, intending to damage the plaintiffs' reputations, then no privilege of any kind would apply.

The aforementioned notwithstanding, the only discernable issue raised in the defendant's somewhat vaguely

444

worded "concise statement," supplemented by an exceedingly vague self-serving footnote, is that the trial court erred in failing to sustain his preliminary objections to the plaintiffs' abuse of process claim since the filing of Mr. Kolar's RICO complaint in federal court was absolutely privileged. Thus, Mr. Kolar appears to argue that since the legal process which he is alleged to have both initiated and abused was protected in the first instance, the order of the trial court which failed to recognize and grant herein that relief becomes "collateral" and appealable. If that is, indeed, the defendant's position, the undersigned believes it to be both incorrect and unsupportable.

An "abuse of process" involves "the use of legal process against another primarily to accomplish a purpose for which it is not designed." *Werner v. Plater- Zyberk,* 799 A.2d 776, 785 (Pa. Super. 2002). Unlike "malicious use of process," which may arise when someone "institutes a lawsuit with a malicious motive and lacking probable cause," an abuse of process occurs when the "legal process is utilized for some unlawful purpose, not one for which it was intended." *Shaffer v. Stewart,* 326 Pa. Super. 135, 138, 473 A.2d 1017, 1019 (1984). While the defendant's mere filing of the RICO complaint is not, in and of itself, sufficient to sustain an abuse of process claim, if the plaintiffs allege, as they have in this case, that the RICO litigation was initiated for an improper purpose, and that the process was then utilized by the defendant in a manner for which it was not designed or for illegitimate ends and only to cause harm to the plaintiffs, then the plaintiffs have sustained their pleading

burden. Here, in fact, the plaintiffs met that burden, having averred in their amended complaint that Mr. Kolar first filed his RICO action and thereafter caused the RICO allegations to be published in the *Philadelphia Business Journal* primarily for the purpose of extorting monies from the plaintiffs and harming their business relationships and reputations, thereby causing them damage claimed to be in excess of $25,000,000.[2]

What Mr. Kolar himself appears not to recognize is that, from a pleading standpoint, a properly stated claim for abuse of process requires more than just a simple reference to the defendant's prior filing of a RICO complaint. If, in fact, that had been all that had been alleged by the plaintiffs, the defendant's objections to the claim would, no doubt, have been sustained as to the abuse of process count contained in the plaintiffs' amended complaint. A review of that complaint, however, reveals that the plaintiffs have, as indicated, alleged those facts which are essential to maintaining against the defendant a cause of action for abuse of process. As properly pleaded, the critical elements of the plaintiffs' abuse of process claim are not merely the defendant's filing of his RICO complaint, but rather his subsequent misuse of that process against the plaintiffs. Despite his anticipated protests to the contrary, Mr. Kolar cannot hide behind the protective shield of absolute privilege which has no application here and upon which he should not be permitted to rely in pursuit of what could quite easily be perceived to be his thinly disguised effort to obfuscate and delay the expeditious resolution of this case.

---

2. Am. compl. at ¶¶45-52.

The defendant concedes that the trial court's order of July 29, 2009 is not one which is appealable either as of right (pursuant to Pa.R.A.P. 311) or by permission (pursuant to Pa.R.A.P. 312). Instead, he appears to rely upon the third and last of the above-noted exceptions to the general rule sanctioning the appealability of those orders found to be "collateral" under Pa.R.A.P. 313. Subsection (b) of that rule sets forth a three-pronged "collateral order test," which requires that Mr. Kolar demonstrate that the order appealed from meets each of the following criteria, namely, that the order appealed from: (1) is separable from and collateral to the main cause of action; (2) involves a right which is too important to be denied review; and (3) where the question presented is such that, if review is postponed until the entry of final judgment, the claim asserted by the appellant will be irreparably lost. See Pa.R.A.P. 313(b). The "appealability" of an order under Pa.R.A.P. 313 presents most often as a question of law to be resolved by the application of the three-pronged test found within the rule which is to be narrowly construed. The purpose, as noted by the Pennsylvania Supreme Court, in adopting a narrow construction of the "collateral order rule" is "to avoid 'piecemeal determinations and the consequent protraction of litigation.'" *Rae v. Pennsylvania Funeral Directors Association,* 602 Pa. 65, 78, 977 A.2d 1121, 1129 (2009). Indeed, Rule 313 is "to be construed narrowly to preserve the integrity of the general rule that only final orders may be appealed; thus, the requirements for a collateral order are applied relatively stringently." *In re Estate of Stricker,* 602 Pa. 54, 61, 977 A.2d 1115 , 1119 (2009) (quoting *In re Twenty-Fourth Statewide Investigating Grand*

*Jury,* 589, Pa. 89, 98, 907 A.2d 505, 510 (2006)); see *Rae,* 602 Pa. at 78, 977 A.2d at 1129. Accordingly, unless all three prongs of the applicable test have been met, the court is without jurisdiction to consider an appeal pursuant to Pa.R.A.P. 313. See *Rae,* 602 Pa. at *78,* 977 A.2d at 1129.

In applying the criteria of Rule 313(b) to the trial court's order of July 29, 2009, within the context of the analysis already provided, it is clear that the order in question meets none of the criteria of an "appealable collateral order." See Pa.R.A.P. 313(b). In the case at bar, the trial court's non-final order is not "separable from and collateral to the main cause of action" since the issue reviewed, that is, whether the defendant's filing of a RICO complaint against the plaintiffs in federal court is privileged requires an analysis of the central issue in the plaintiffs' case. See Pa.R.A.P. 313(b). That issue involves, essentially, a determination as to whether or not the defendant's publication, not his filing of the RICO complaint, constituted an abuse of process and/or was defamatory. As noted earlier, the RICO complaint is merely an element and not the bases of the causes of action alleged by the plaintiffs, and, if the defendant's preliminary objections had been sustained by the trial court, the effect of such a ruling would have had the potential effect of finally resolving not only the plaintiffs' abuse of process claim but his defamation case as well.

As to the second and third prongs of the three-pronged collateral order test. Mr. Kolar's assertion of absolute privilege involves neither a right too important to be denied review, nor will the claim be "irreparably lost" should its review be postponed until the entry of final

judgment. See Pa. R.A.P. 313(b). To the contrary, the trial court's order of July 29 deals only with "the pleadings in the underlying matter," and, in overruling the defendant's preliminary objections and granting leave to the plaintiffs to file a second amended complaint, the issue raised by Mr. Kolar will be preserved throughout the course of this litigation. See *Chase Manhattan Mortgage Corp.,* 784 A.2d at 145. As such, the ruling complained of and the matters dealt with therein were so "inextricably intertwined with the merits of the action" that the order in question could not be characterized as "collateral" under Rule 313. See *id.*

The lower court's ruling, in fact, did not deal with any issues concerning attorney client privilege, the disclosure of confidential or privileged information, motions to quash subpoenas or other similar matters involving rights "firmly rooted in public policy" and so essential to the parties and important to be denied review. *In re Condemnation by City of Philadelphia,* 981 A.2d at 396. No rights were lost by any of the parties as a result of the trial court's July 29 order which, failing to dispose of any of the claims presented or parties involved, was interlocutory and unappealable.

## CONCLUSION

For all of the aforementioned reasons, the trial court believes that the appeal taken from the order of July 29, 2009 should be quashed and/or dismissed.