J-A33024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FORTY SEVEN HUNDRED, L.P., FORTY SEVEN HUNDRED, LLC, GENERAL PARTNER AND ISRAEL M. DOLGIN ASSOCIATES, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DAVID WHITNACK DISTRIBUTING, INC. AND WILLIAM J. O'BRIEN, II, ESQUIRE | |
| Appellants | No. 1110 EDA 2015 |

Appeal from the Order Entered March 31, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 01067 May Term, 2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.                    **FILED MAY 04, 2016**

Appellants, attorney William J. O'Brien, II, and his client David Whitnack Distributing, Inc., appeal from the March 31, 2015 order entered in the Court of Common Pleas of Philadelphia County (trial court), imposing discovery sanctions on Appellants in the amount of $500 each.  Upon review, we quash Appellants' appeal.

The following is the background relevant to this appeal as summarized by the trial court in its Pa.R.A.P. 1925(a) opinion.

---

[*] Retired Senior Judge assigned to the Superior Court.

On March 31, 2015, this court granted reconsideration and vacated its March 10, 2015 order disposing of [Forty Seven Hundred, L.P., Forty Seven Hundred, LLC, and Israel M. Dolgin Associates, LLC's (Appellees')] motion for sanctions. That same date, this court entered a new order disposing of Appellees' motion for sanctions. In its new order, which is the order appealed from here, rather than impose the harsher penalty of precluding [David Whitnack Distributing, Inc.] from introducing evidence in support of its alleged defense through dispositive motions and/or trial, this court imposed a less severe monetary sanction of $500 each against [David Whitnack Distributing, Inc.] and Mr. O'Brien as compensation for reasonable expenses, including attorney's fees, Appellees incurred in obtaining the February 10, 2015 order compelling Mr. Whitnack to appear for a deposition on or before February 24, 2015, and the March 31, 2015 order for sanctions after Mr. Whitnack failed to appear.

. . . On April 10, 2015, however, [David Whitnack Distributing, Inc.] and its counsel filed the instant appeal from this court's March 31, 2015 discovery order imposing a modest monetary sanction against them for their conduct and as compensation for Appellees additional expense.

On April 20, 2015, this court issued an order (1) directing [David Whitnack Distributing, Inc. and Mr. O'Brien] to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement and (2) noting its belief that the March 31, 2015 order is interlocutory and not immediately appealable and the instant appeal should either be withdrawn or quashed. In their 1925(b) statement, [David Whitnack Distributing, Inc. and Mr. O'Brien] set forth five complaints of error, with only one directly related to the March 31, 2015 order that was appealed from and the others relating to the February 10, 2015 order compelling Mr. Whitnack to appear for a deposition on or before February 24, 2015. Having reviewed the 1925(b) statement, and while believing the complaints lack merit, it is the position of this court that the instant appeal should be quashed because Appellants are at best seeking review of an interlocutory and not immediately appealable discovery sanctions order.

Trial Court Opinion, 5/15/15, at 5-7.

On appeal, Appellants argue both that the trial court's March 31, 2015 order imposing discovery sanctions is an abuse of discretion and immediately appealable as a collateral order under Pa.R.A.P. 313. Appellants' Brief at 4.

As the trial court points out, "Pennsylvania law makes clear: an appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." Trial Court Opinion, 5/15/15, at 7. Generally, discovery orders are interlocutory and, therefore, not immediately appealable. *Stahl v. Redcay*, 897 A.2d 478, 487 (Pa. Super. 2006). However, an order can be appealable if it meets the definition of a collateral order under Pa.R.A.P. 313(b). Rule 313 defines a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Our Supreme Court has explained that Rule 313 must be interpreted narrowly. *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003). As such, all three elements of the collateral order test **must** be satisfied or the order is not appealable as collateral. *Ben v. Schwartz*, 729 A.2d 547, 551 (Pa. 1999); *see also Melvin*, 836 A.2d at 47 ("[E]ach prong of the collateral order doctrine must be met before an order may be considered collateral.").

- 3 -

Appellants' appeal clearly fails prong three of the collateral order test. Appellants' only argument regarding this prong is that "irreparable loss of the issue by postponement, is met through the principal of judicial economy. . . . It would be a further injustice to engage in hypothetical considerations as to whether or not the Appellant[s] can or will raise this issue again." Appellants' Brief at 21.

Appellants' argument does not comport with our jurisprudence. Our Supreme Court requires the collateral order test be applied strictly "to preserve the integrity of the general rule that only final orders may be appealed." *In re Estate of Stricker*, 977 A.2d 1115, 1119 (Pa. 2009). The text of Rule 313 clearly establishes that an order is not collateral unless postponement of the appeal until after final judgment in the case would result in the claim being "irreparably lost." Pa.R.A.P. 313(b); *see Melvin*, 836 A.2d at 47 ("Therefore, we must also give critical attention to the remaining criteria of . . . and whether the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."). Appellants do not argue any rights would be irreparably lost if review of the trial court's March 31, 2015 order is postponed until after final judgment, nor do they cite to any authority to support the claim that their appeal need not strictly meet the third prong of the collateral order test. Accordingly, we quash this appeal as interlocutory.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2016