J-A25022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF LEONARD BARKAN, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ESTELLE BARKAN AND JUNE BARKAN | : : : : : : | No. 1620 EDA 2017 |

Appeal from the Order May 17, 2017
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2017-X0326

BEFORE: OTT, STABILE, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:　　**FILED SEPTEMBER 29, 2017**

Estelle Barkan ("Mrs. Barkan") and her daughter, June Barkan ("June"), appeal from the May 17, 2017, order entered in the Court of Common Pleas of Montgomery County, Orphans' Court division. After a careful review, we quash this appeal on the basis it was taken from a non-appealable, interlocutory order.

The relevant facts and procedural history are as follows: Leonard Barkan ("the deceased") died intestate on September 22, 2016, and he was survived by his spouse, Mrs. Barkan, as well as his children, including his daughter, June.[1] On January 25, 2017, Edith Spitzer ("Ms. Spitzer"), claiming

---

[1] As the Orphans' Court notes in its opinion, the pleadings in this matter reference the fact the deceased was survived by June and other adopted children.

---

*　Former Justice specially assigned to the Superior Court.

to be a creditor of the estate, filed in Montgomery County a citation and petition for letters of administration, and on February 13, 2017, Mrs. Barkan and June filed preliminary objections, alleging, *inter alia*, lack of standing and venue.[2]  On February 24, 2017, Ms. Spitzer filed an amended citation and petition for letters of administration in which she sought the appointment of an independent administrator.  On March 13, 2017, Mrs. Barkan and June filed preliminary objections in which they continued to challenge, *inter alia*, standing and venue.

By decree filed on March 24, 2017, the Montgomery County Register of Wills found that Montgomery County had venue and "Robert Lefevre, Esquire, may be appointed as Administrator *Pendente Lite* upon otherwise complying with the requirements of the Probate Code."  Decree, filed 3/24/17.  On March 27, 2017, the Register of Wills granted letters of administration *pendente lite* to Attorney Lefevre, and on March 31, 2017, Mrs. Barkan and June filed an appeal to the Orphans' Court.

Meanwhile, on April 3, 2017, the Register of Wills issued a preliminary decree directing Ms. Spitzer and Attorney Lefevre to show cause why the appeal of Mrs. Barkan and June should not be sustained and the March 24, 2017, decree set aside.  Ms. Spitzer filed an answer with new matter, Mrs.

---

[2] Mrs. Barkan and June alleged venue properly lies in Bucks County.

Barkan and June responded to the new matter with preliminary objections, and the Register of Wills scheduled a hearing.

On May 17, 2017, the Orphans' Court entered an order as follows:

[I]t is hereby ORDERED that the appeal from probate is DISMISSED, without prejudice to the filing of an appeal from any subsequent decree of the Register of Wills following a formal hearing and final determination as to whether jurisdiction is proper in Montgomery County and to whom to grant letters of administration with respect to this estate.

Orphans' Court Order, filed 5/17/17 (bold omitted).

Further, in its accompanying May 17, 2017, opinion, the Orphans' Court relevantly indicated the following:

[T]he Register of Wills found, on a preliminary basis, that the [deceased's] last residence was in Montgomery County.

It must be noted that this determination is merely preliminary and that the Register [of Wills] has not yet conducted a formal evidentiary hearing. [Mrs. Barkan and June] will not be precluded from introducing evidence concerning the last residence of the [deceased] at the formal hearing scheduled before the Register [of Wills] on July 13 and 27, 2017.

***

The decree appointing an Administrator *Pendente Lite* will remain in place[2] until the conclusion of the contested proceedings before the Register of Wills, at which time it is expected that the Register will issue another decree appointing an administrator or administrators of the estate.

_____

[2] By letter dated May 15, 2017, counsel suggested the Register [of Wills] should recuse himself from further participation in this matter. There is no mechanism for the Register [of Wills] to be recused. The Barkans' remedy, if they are aggrieved by the decree issued after the Register [of Will's] final hearing, is to appeal to the Orphans' Court Division of the Court of Common Pleas.

Orphans' Court Opinion, filed 5/17/17, at 3-4 (footnote in original).

On May 17, 2017, Mrs. Barkan and June filed a notice of appeal to this Court from the Orphans' Court's May 17, 2017, order. On this same date, they also filed a Pa.R.A.P. 1925(b) statement. On May 19, 2017, the Orphans' Court filed a Pa.R.A.P. 1925(a) opinion suggesting that the instant appeal is from an interlocutory, non-appealable order. Specifically, the Orphans' Court noted:

> [T]he Register [of Wills] has yet to hold a formal hearing and make final determinations as to whether the [deceased] was a resident of [Montgomery] County[,] venue over the estate lies in Montgomery County[,] and, if so, who should serve as the fiduciary. Until those issues are resolved, there are administrative duties which must be handled as with any estate, and the Administrator *Pendente Lite* must be in place to perform these tasks.

Orphans' Court Pa.R.A.P. 1925(a) Opinion, filed 5/19/17, at 2.

On appeal, Mrs. Barkan and June (collectively "Appellants") present the following issues:

(1) Whether the Register [of Wills] abused [its] discretion to appoint an [Administrator *Pendente Lite*] and not file the Petition for Letters of the surviving spouse?

(2) Whether a non-related by blood or marriage mistress to the [deceased] has standing to petition for appointment of another than, and to disqualify, the surviving wife and/or daughter to the [deceased] that are seeking appointment?

(3) Whether a Register [of Will's] Decree finding venue and to appoint an [Administrator *Pendente Lite*] is null-and-void when the Register [of Will's] record shows incomplete personal jurisdiction over all interested persons identified in the Petition being litigated and both the place where [the

deceased's] last family lived and principle residence are not established through a trial by jury[.]

(4) Where there is no Will and the estate comprises only of marital property, whether a prior adopted child of the [deceased] abandons heir status to the [deceased] and take[s] nothing from the estate of the [deceased] when the child is estranged to the [deceased] and as an adult before death renounces being an heir and returns to the blood family by adoption?

Appellants' Brief at 2.

As a preliminary matter, we must first ascertain whether the Orphans' Court's May 17, 2017, order is an appealable order. "[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." *In re Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa.Super. 2009) (quotation marks and quotation omitted). As a result, "this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable."[3] *Id.* "An appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order." *In re Estate of Cella*, 12 A.3d 374, 377 (Pa.Super. 2010) (citations and quotation omitted).

---

[3] On June 9, 2017, this Court entered a *per curiam* order directing Appellants to show cause as to why this appeal should not be quashed as interlocutory. On June 21, 2017, Appellants responded that the Orphans' Court's May 17, 2017, order was appealable as of right under Pa.R.A.P. 342(a)(5). On June 23, 2017, this Court entered a *per curiam* order discharging the rule to show cause but advising the parties that this Court may revisit the issue since it implicates our jurisdiction.

Pa.R.A.P. 341 defines "final order" as one that "disposes of all claims and all parties[,]" or "is entered as a final order pursuant to paragraph (c) of this rule." Pa.R.A.P. 341(b). Paragraph (c) relevantly provides that "the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c).

Moreover, we note that, specific to the appealability of an Orphans' Court's order, Pa.R.A.P. 342 sets forth when an appeal may be taken as of right. Specifically, the Rule relevantly provides the following:

**Rule 342. Appealable Orphans' Court Orders**

**(a) General rule.** An appeal may be taken as of right from the following orders of the Orphans' Court Division:

(1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;

(2) An order determining the validity of a will or trust;

(3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;

(4) An order interpreting, modifying, reforming or terminating a trust;

(5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;

(6) An order determining an interest in real or personal property;

(7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S.[A.] § 9186(a)(3) or 72 Pa.C.S.A. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S.[A.] § 9188(a); or

- 6 -

(8) An order otherwise appealable by Chapter 3 of these rules.

Pa.R.A.P. 342(a) (bold in original).

In the case *sub judice*, the Orphans' Court's May 17, 2017, order is not a "final order" in that it neither disposes of all claims and all parties nor was made final upon an express determination by the Orphans' Court that an immediate appeal would facilitate resolution of the entire case.

Appellants argue the Orphans' Court's May 17, 2017, order is appealable "as of right" pursuant to Pa.R.A.P. 342(a)(5) as an "order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship[.]" Appellants' Brief at 1. In this regard, Appellants note that, in its May 17, 2017, opinion, the Orphans' Court directed that the Register of Will's appointment of a neutral administrator *pendente lite* "will remain in place[.]" Orphans' Court Opinion, filed 5/17/17, at 4 (footnote omitted).

However, as the Orphans' Court noted below, there has been no final determination as to the status of the "fiduciaries, beneficiaries, or creditors" of the estate, Appellants' appeal from probate was dismissed "without prejudice," and the Register of Wills has yet to hold a formal hearing on the matter. **See** Orphans' Court Opinion, filed 5/19/17, at 2. Further, with regard to the Orphans' Court's continuation of the Register of Will's appointment of a neutral administrator *pendente lite*, the Orphans' Court specifically indicated that "it is expected the Register [of Wills] will issue another decree appointing an administrator or administrators of the estate." Thus, contrary to

- 7 -

Appellants' suggestion, the Orphans' Court did not "determine the status of fiduciaries" as contemplated by Pa.R.A.P. 342(a)(5); but rather, the Orphans' Court placed the status of "fiduciaries," as well as "beneficiaries," "creditors," and the question of the distribution of the estate's assets, in a deferred state. Accordingly, we hold that the May 17, 2017, order is not appealable as of right under Pa.R.A.P. 342(a)(5).[4]

Further, Appellants make no claim that the order at issue is appealable as of right under Pa.R.A.P. 311,[5] and Appellants did not secure permission to file this interlocutory appeal under Pa.R.A.P. 312.[6] Moreover, according to prevailing law, the order appealed from is not immediately appealable as a collateral order.[7] *See Estate of Stricker*, 602 Pa. 54, 977 A.2d 1115 (2009). Because the Orphans' Court's order in this case is not immediately appealable,

---

[4] We agree with the Orphans' Court's determination that none of the remaining subsections of Pa.R.A.P. 342(a) are remotely applicable to the instant matter.

[5] *See* Pa.R.A.P. 311 (listing specific orders from which appeal may be taken as of right and without reference to Rule 341(c)).

[6] *See* Pa.R.A.P. 312 (stating: "An appeal from an interlocutory order may be taken by permission pursuant to Chapter 13 (interlocutory appeals by permission)").

[7] *See* Pa.R.A.P. 313 (explaining appeal may be taken as of right from collateral order and defining collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost").

we lack jurisdiction to address Appellants' claims.   Accordingly, we quash this appeal.

Appeal Quashed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *9/29/2017*