J-A23016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF EVELYN F. SCHERMER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MARC A. SCHERMER | No. 1648 WDA 2018 |

Appeal from the Order Entered October 18, 2018
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 02-11-5043

| | |
|---|---|
| IN RE: ESTATE OF EVELYN F. SCHERMER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LELAND P. SCHERMER AND GARY S. SCHERMER | No. 1774 WDA 2018 |

Appeal from the Order Entered November 20, 2018
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 5043 of 2011

| | |
|---|---|
| IN RE: ESTATE OF EVELYN F. SCHERMER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LELAND P. SCHERMER AND GARY S. SCHERMER | No. 1775 WDA 2018 |

Appeal from the Order Entered October 18, 2018
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 5043 OF 2011

| | |
|---|---|
| IN RE: ESTATE OF EVELYN F. SCHERMER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MARC A. SCHERMER | No. 1776 WDA 2018 |

Appeal from the Order Entered November 20, 2018
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): 02-11-5043

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED NOVEMBER 27, 2019**

Marc A. Schermer (Marc) appeals from the orders entered on October 18, 2018, and on November 20, 2018, by the Court of Common Pleas of Allegheny County.  Leland P. Schermer (Leland) and Gary S. Schermer (Gary) cross-appeal from those same orders, which involve the probate of the estate of the three brothers' mother, Evelyn F. Schermer (Decedent), who died on August 13, 2011.[1]  Following an extensive review, we quash the appeals due to this Court's lack of jurisdiction.

Initially, we rely on the following introductory and background information provided by the orphans' court, which states:

> The within cross-appeals are the second time this estate has been the subject of an appeal to the Superior Court.  The first appeal, in early 2016, was filed by Marc Schermer …, who was the Executor of the Decedent's Last Will and Testament dated June 7, 2010, which was probated on August 16, 2011.  He appealed from this [c]ourt's finding that the Decedent's other two sons, Gary Schermer and Leland Schermer … sustained their burden of proving that Marc exerted undue influence over the Decedent with regard to the preparation and execution of the probated Will.  The Superior Court upheld this [c]ourt's decision in a Memorandum Opinion dated October 2, 2017.  [*See In re Estate of Evelyn F.*

---

[1] The order entered on the orphans' court's docket on October 18, 2018, is dated October 17, 2018, and the order entered on the orphans' court's docket on November 20, 2018, is dated November 19, 2018.  We also note that this Court consolidated all four appeals and, in accordance with Pa.R.A.P. 2136, Marc was designated as Appellant and Leland and Gary as Appellees.  *See* Order, 1/8/19.

***Schermer***, 179 A.3d 532 (Pa. Super. 2017) (unpublished memorandum).]

When the matter was returned to this [c]ourt at the conclusion of the appeal, the parties continued their past practice of incessant litigation, which includes numerous Petitions/Motions and several arguments, along with days of testimony. The within cross-appeals concern this [c]ourt's Order dated October 17, 2018, which provides, in pertinent part, as follows:

(1) Reconsideration of the Order of Court dated October 1, 2018 is granted;
(2) The Order of Court dated October 1, 2018 is vacated in its entirety;
(3) The Letters of Administration issued to Gary S. Schermer and Leland P. Schermer, as personal representatives of the Estate of Evelyn F. Schermer, are revoked; and
(4) All further proceedings and/or hearings in the above-captioned matter shall be heard by this [c]ourt.

In addition, the Order scheduled a hearing on the Objections set forth in the Caveat and a hearing on the Petition for Surcharge and Objections to the Accounts, all of which were filed by Gary and Leland.

Brief Background

The Decedent died on August 13, 2011, survived by three sons: Gary, Marc, and Leland. Between 1984 and 2010, the Decedent executed ten (10) separate Wills prepared by four (4) different attorneys. With the exception of the last Will, which is the Will dated June 7, 2010, which was admitted to probate, each of the Wills provided that the residue of the Decedent's estate would be divided equally between the three sons. The Wills executed in 1984 and 1988 both included provisions providing that the monies and/or loans received by Marc, or one of his companies, from the Decedent during her lifetime would be accounted for at the time of distribution of the residue of the estate. The other eight (8) Wills executed between 2001 and 2010 did not include this provision.

As the June 7, 2010 Will was invalidated, due to the [c]ourt's finding that it was prepared as the result of undue influence by

- 3 -

Marc, Marc attempted to probate a Will dated July 24, 2008; however, it was denied probate due to Informal Caveats filed by both Gary and Leland. Pursuant to an Order dated April 10, 2018, Marc was removed as the Executor of the Estate. Proceedings were then undertaken by Hearing Officer Timothy Finnerty in the Department of Court Records, Orphans' Court Division. Finding that this [c]ourt was much more familiar with the case, in an Order dated August 15, 2018, Hearing Officer Finnerty certified the case to this [c]ourt, pursuant to 20 Pa.C.S. § 907. In an effort to move this long-lingering case forward, this [c]ourt issued an Order dated October 1, 2018, which it later vacated and issued the Order dated October 17, 2018, as set forth above.

On November 19, 2018, which was after Marc filed his appeal, but before the [c]ourt was notified of the appeal, the [c]ourt issued an Order appointing an independent third party as Administrator of this estate. The [c]ourt continues to believe that the appointment of an independent person, not one of the three brothers, who are too closely invested in this matter, is the best course of action for moving this estate to a conclusion.

Orphans' Court Opinion (OCO), 2/14/19, at 1-3 (unnumbered).[2]

Following the filing of the appeals, various motions were filed with this

Court by Marc, and by Leland and Gary, all of which essentially attempted to

---

[2] Specifically, the trial court's order, dated November 19, 2018, provides:

(1) The October 17, 2018 Order of Court is affirmed in its entirety;
(2) The Motion for Reconsideration of the Motion for Reconsideration is denied; and
(3) Gary Gushard, Esquire[,] is appointed as Successor Administrator of the above-captioned estate;
(4) All parties and counsel shall cooperate with Attorney Gushard with regard to the administration of this estate and the upcoming hearings.

Orphans' Court Order, 11/19/18.

- 4 -

have the appeals dismissed.[3]  However, before we address those motions, we must determine whether this Court has jurisdiction of the appeals at this point in the litigation.  We conclude that we do not have jurisdiction.

To begin, we note that the Statement of Jurisdiction in Marc's brief contains the following:  "The Superior Court has appellate jurisdiction over this appeal pursuant to 42 Pa.C.S. §§ 702, 742 and 5105."  Marc's brief at 1.  However, he does not provide any discussion that explains in what way these sections give a basis for the appealability of the orders in question and/or this Court's jurisdiction over those orders.

Specifically, section 702 is entitled "[i]nterlocutory orders" and provides for interlocutory appeals by permission when the trial court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order."  42 Pa.C.S. § 702.  As for section 742, it is entitled "[a]ppeals from courts of common pleas" and indicates that the Superior Court has jurisdiction over final orders from a court of common pleas, except those that are specifically identified as within the exclusive jurisdiction of either the Supreme Court or the Commonwealth Court.  42 Pa.C.S. § 742.  Additionally, section 5105 is entitled "[r]ight to appellate review" and explains

---

[3] In response to these motions, this Court issued various orders deferring these motions to the merits panel for disposition.

that there is a right of appeal from a final order, but also includes that "[t]here shall be a right of appeal from such interlocutory orders of tribunals and other government units as may be specified by law[,]" specifically, identifying section 702(b) relating to interlocutory appeals by permission. 42 Pa.C.S. § 5105.

"[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." *In re Estate of Considine v. Wachovia Bank*, 966 A.2d 1148, 1151 (Pa. Super. 2009). As a result, "this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." *Id.* "An appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order." *In re Estate of Cella*, 12 A.3d 374, 377 (Pa. Super. 2010) (citations and quotation omitted). Pa.R.A.P. 341(b) defines a "final order" as one that "disposes of all claims and all parties" or "is entered as a final order pursuant to paragraph (c) of this rule." Pa.R.A.P. 341(b). Rule 341(c) provides that "the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c); *see also In re Estate of Stricker*, 977 A.2d 1115, 1117 (Pa. 2009) (stating "Rule 341 of the Pennsylvania Rules of Appellate Procedure defines a final order as one that disposes of all claims and all parties, is defined as such by statute, or is

designated as such at the time it is entered by the trial court in order to expedite appellate review").

Additionally, we note that, specific to the appealability of an orphans' court order, Pa.R.A.P. 342 sets forth when an appeal may be taken as of right, stating the following:

**Rule 342. Appealable Orphans' Court Orders**

**(a) General rule**. An appeal may be taken as of right from the following orders of the Orphans' Court Division:

(1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;

(2) An order determining the validity of a will or trust;

(3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;

(4) An order interpreting, modifying, reforming or terminating a trust;

(5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;

(6) An order determining an interest in real or personal property;

(7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 P.S. § 9186(a)(3) or 72 P.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 P.S. § 9188(a); or

(8) An order otherwise appealable by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

In the case before us, the orphans' court's October 18, 2018 order and its November 20, 2018 order are not "final orders" in that they neither dispose of all claims and all parties nor were they made final upon an express determination by the orphans' court that an immediate appeal would facilitate resolution of the entire case. Moreover, Marc has not asserted which of the provisions contained in Rule 342 apply. Rather, Leland and Gary suggest that the application of subsections (a)(1) and (a)(5) are closest to the situation here; however, they argue neither subsection relates to the appeals before us. We agree.

Here, neither order confirmed an account or authorized or directed a distribution. Nor did either order determine the status of fiduciaries, beneficiaries, or creditors of an estate. Thus, Rule 342 does not apply. Moreover, as for the sections of the law that Marc lists, section 702 is not applicable because the orphans' court did not determine that a controlling question of law was at issue that would lead to the termination of the case. 42 Pa.C.S. § 702. As for 42 Pa.C.S. § 742, it is obvious that although this Court has jurisdiction over appeals from orphans' court orders, the orders in question are not final orders and, therefore, section 742 is not applicable. Again, with regard to 42 Pa.C.S. § 5105, it provides for appeals as of right from final orders, and those interlocutory appeals that fall within exceptions such as interlocutory appeals by permission. None of these statutes/rules apply to the situation here. Therefore, we are required to conclude that we do not have jurisdiction to address the parties' claims. Thus, we are compelled

to quash these appeals. Likewise, the various motions are denied due to this Court's lack of jurisdiction.

Appeals quashed. Motions denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/27/2019