**In re the ESTATE OF Ray ASH, Deceased.**

**Appeal of Joseph Heit.**

Superior Court of Pennsylvania.

Submitted July 1, 2013.

Filed Aug. 23, 2013.

Phillip O. Robertson, Altoona, for appellant.

Brandi J. Hershey, Bedford, for appellee.

BEFORE: LAZARUS, OLSON and COLVILLE *, JJ.

* Retired Senior Judge assigned to the Superior Court.

OPINION BY COLVILLE, J:

This case is an appeal by Joseph Heit, a beneficiary under the will of Ray Ash. We quash this matter.

Ray Ash died testate. His will made several specific cash bequests. It also directed that Ash's remaining personal and real property be sold with the proceeds being divided among three residual beneficiaries—namely, Appellant, James Heit (Appellant's brother) and Duane Fetter. The will devised no realty. Appellant was named as executor.

By deed dated November 4, 2010, Appellant, as executor, conveyed to himself, as an individual, a certain tract of land ("Tract 1") formerly owned by Ash. The conveyance apparently arose in connection with a purported agreement of sale Appellant claimed to have entered, perhaps orally, with Ash prior to his death.

On January 27, 2012, the Orphans' Court set aside the sale of Tract 1, directed the recorder of deeds to void the aforesaid deed in the absence of any appeal within thirty days by Appellant, removed Appellant as executor, and appointed an administratrix.[1] Appellant did not appeal the court's order.

At some point, Duane Fetter expressed an interest in buying Tract 1 along with two adjoining tracts. More precisely, it appears he had entered an agreement to purchase one of the adjoining tracts ("Tract 2") before Ash's death and, after Ash's death, advised the administratrix that he (Fetter) would be willing to buy Tract 1, Tract 2 and the third tract. Apparently, the administratrix intended to sell all the three tracts to Fetter.

In May 2012, Appellant filed a document he titled "Petition to Force Sale of Real Estate." Therein, he indicated his continued willingness to buy Tract 1. He also indicated his belief that Tract 1 would be landlocked unless an easement was granted over Tract 2. Appellant represented in his petition that he would be willing to pay one price for Tract 1 without the aforesaid easement and a higher price for Tract 1 if the easement was in place. He concluded by asking the court to direct the administratrix to grant the aforesaid easement over Tract 2. He also asked the court to halt the sale of Tract 1 until the disputes among the parties regarding the sale of Tract 1 were resolved.[2]

The administratrix took the position that selling all three tracts to Fetter would yield the appraised value on the two adjoining tracts and slightly more than the appraised value on Tract 1.[3] It seems Appellant was not interested in buying the two adjoining tracts outright, his interest being limited to having the easement granted over Tract 2. The administratrix maintained the sale to Fetter would be more advantageous to the estate than would be selling Tract 1 to Appellant, largely because the combined sale to Fetter would dispose of all properties for a profitable price and would avoid the possibility of litigation (i.e., a suit by Fetter)

---

1. While the order appointed an administratrix, a more accurate appointment after the executor was removed in this case would have been an administratrix d.b.n.c.t.a. See 20 Pa.C.S.A. § 3159.

2. The petition itself did not specifically ask the court to direct the sale of Tract 1 to Appellant, though Appellant sought that relief at the hearing on his petition. Appellant also suggested at the hearing that the administra-

trix could place Tract 1 for sale at a public auction rather than proceeding with the planned sale to Fetter.

3. The appraised value on Tract 1 with the easement on Tract 2 was $128,000.00. Fetter offered to pay $130,000.00 for Tract 1. Appellant offered $130,000.00 for Tract 1 if the easement was granted and $90,000.00 without the easement.

that could ensue if the administratrix attempted to grant an easement over Tract 2 before conveying it to Fetter and Tract 1 to Appellant.

On January 16, 2013, the court entered an order denying Appellant's petition and authorizing the administratrix to enter into a sale agreement for the sale of all three tracts to Fetter. Appellant filed this appeal in which he argues the court abused its discretion by not requiring the administratrix to place Tract 1 for sale at a public auction. Appellant contends selling the property at auction would garner more than $130,000.00 and would thereby benefit the estate beneficiaries, including himself.

In the case of *In re Estate of Stricker,* 602 Pa. 54, 977 A.2d 1115, 1116 (2009), the court addressed the appealability of an Orphans' Court order to sell realty during the process of disposition of an estate. The Supreme Court opined that "[a]n appeal from an order directing the administrator of a decedent's estate to sell real estate belonging to the decedent is interlocutory and must be quashed." *Stricker,* 977 A.2d at 1118. The court also held that the order in question was not appealable as a collateral order. *Id.* at 1119. Along those lines, the court observed that Stricker's will did not devise the realty in question but, rather, directed that, after payment of debts, expenses and taxes, the residual estate be given equally to the residual beneficiaries. *Id.* Because the will directed that the residue be divided among the beneficiaries, the order to sell estate property in pursuit of that division was plainly central to the main cause of action—that cause of action being the distribution of estate property and the overall administration of the estate. *Id.* The court therefore concluded it was "not possible" for the order in pursuit of the property division set forth by the will to be collateral to the main cause of action. *Id.* Having found the order was neither final nor col-

lateral but, instead, interlocutory, the court affirmed this Court's order quashing the appeal. *Id.*

The order on appeal before us authorizes the administratrix to sell real estate formerly belonging to the decedent in order to accomplish the eventual division of the estate assets (*i.e.,* the sale proceeds) among the beneficiaries as directed by Ash's will. Pursuant to *Stricker,* we conclude this order is neither final nor collateral but, instead, is interlocutory. We note also that the instant interlocutory order is not listed as being appealable by right under Pa.R.A.P. 311, and Appellant did not secure permission to file this interlocutory appeal under Pa.R.A.P. 312. Because the order is not appealable, we lack jurisdiction to address the merits of Appellant's claims. *In re Estate of Allen,* 960 A.2d 470, 471 (Pa.Super.2008). Therefore, we quash this matter.

In reaching our result, we are mindful that the Rules of Appellate Procedure addressing the appealability of Orphans' Court orders have changed somewhat since *Stricker* was decided. At the time of *Stricker,* Pa.R.A.P. 342 indicated, *inter alia,* that an order determining an interest in realty would be immediately appealable upon a determination of finality by an Orphans' Court. Effective February 13, 2012, the Supreme Court deleted from Rule 342 the provision concerning the ability of an Orphans' Court to make determinations of finality and, instead, listed various orders that would be immediately appealable. *See* Pa.R.A.P. 342(a). Among the orders listed in Rule 342 is an order determining an interest in real property. Pa.R.A.P. 342(a)(6).

We do not believe the order before us is one of the appealable orders set forth by Rule 342, whether in Subsection (6) or otherwise. Consequently, we do not believe Subsection (6) and/or any other post *Stricker* change(s) to Rule 342 negate

*Stricker* and render the order before us appealable. We understand the effect of the instant order will be to allow the realty sale and, if the administratrix sells the tracts, Fetter will come to own them. Thus, if the sale is completed, the order will eventually lead to a change in the ownership interest of the realty. Nevertheless, the Orphans' Court decision now on appeal did not involve the court having to resolve some dispute about who had or has an interest in the tracts: The estate obviously owns them. The court's decision was about whether the administratrix should be required to encumber one tract with an easement and about the propriety of her plan to reduce the estate assets to cash by sale to a particular party, the goal being to distribute the sale proceeds in accordance with the will. The court's decision was not about determining an interest in the subject realty.[4] Accordingly, *Stricker* controls this case.[5]

In conclusion, *Stricker* dictates that we quash this appeal because the order before us is not appealable and because we therefore lack jurisdiction to address the merits of Appellant's arguments.

Appeal quashed.

---

4. The court's order of January 27, 2012, evidently determined the ownership interest of Tract 1 in that the court's decision voided the deed that was recorded to reflect the sale from the estate to Appellant. That order is not on appeal before us.

5. We also recognize the comment to current Pa.R.A.P. 342 references Justice Saylor's concurrence in *Stricker* wherein he expressed concern that the final resolution of otherwise interim disputes could sometimes aid the administration of estates. *See Stricker*, 977 A.2d at 1120; Pa.R.A.P. 342 cmt. With this concern in mind, Justice Saylor doubted the wisdom of vesting standardless discretion in an Orphans' Court to determine finality, and he advocated adopting a rule providing for the general appealability of estate-related orders, at least in real-property settings. *Stricker*, 977 A.2d at 1120. The current version of Rule 342 seemingly accommodates those concerns by having removed the provision regarding Orphans' Court discretion and by specifying immediately appealable orders. However, the reference to *Stricker* in the comment to Rule 342 appears to be a remark about the unworkability of vesting discretion to determine finality in an Orphans' Court and about the general value of resolving various disputes with finality before a final accounting in order to facilitate the routine administration of estates. *See* Pa.R.A.P. 342 cmt. Neither the reference to *Stricker* nor any other part of the comment leads us to conclude that the order denying Appellant's request to encumber Tract 2 and authorizing the administratrix to enter a sales contract to sell estate realty so that the proceeds may then be distributed under the will should be considered an order determining an interest in that realty pursuant to Pa.R.A.P. 342(a)(6). In sum, we find that neither the changes to the rule nor the reference to *Stricker* in the comment to the rule transforms the order before us into one determining an interest in real property. If, by contrast, the changes to Rule 342 were indeed meant to abrogate *Stricker* and were intended to transform an order such as the one before us into an order determining an interest in realty under Subsection (6), we think that pronouncement should be made by the Supreme Court. At present, we will follow *Stricker*.