J-S56017-14

2015 PA Super 52

| | |
|---|---|
| ESTATE OF VIRGINIA A. CHERRY LATE OF HENDERSON TOWNSHIP HUNTINGDON COUNTY COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: RONALD LOCKE | No. 633 MDA 2014 |

Appeal from the Order Entered on March 5, 2014
In the Court of Common Pleas of Huntingdon County
Orphans' Court at No.: 31-OC-242-2013

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

OPINION BY WECHT, J.:                                   **FILED MARCH 17, 2015**

Ronald Locke, executor of the Estate of Virginia A. Cherry, appeals the orphans' court order entered on March 5, 2014.  After careful review, we conclude that Locke's appeal is interlocutory and that this Court lacks jurisdiction to consider its merits.  Accordingly, we quash Locke's appeal.

Virginia A. Cherry died testate on October 9, 2013.  She was eighty-seven years old at the time of her death.  Cherry left a will, which she executed on May 24, 2011.  Therein, Cherry named Ronald Locke as the executor of her estate and made twenty-three specific cash bequests totaling $59,500.  Cherry made two of those specific bequests to the First

_____

[*]      Retired Senior Judge assigned to the Superior Court.

Baptist Church of Huntingdon, Pennsylvania ("the Church"), equaling $11,000. Cherry also bequeathed the residue of her estate to the Church.

Pursuant to the terms of Cherry's will, Locke was empowered to sell or otherwise convert any real or personal property. Orphans' Court Opinion ("O.C.O."), 5/20/2014, at 3. On October 23, 2013, the Huntingdon County Register of Wills admitted Cherry's will to probate and granted letters testamentary to Locke. On November 21, 2013, counsel for the Church sent a letter to Locke stating that, in light of the estate's likely insolvency, the Church was prepared to contribute funds to the estate in order to provide Locke with sufficient liquid assets to satisfy the specific bequests in Cherry's will, any inheritance taxes due, and the costs of administration. The Church anticipated that doing so would expedite the administration of the estate by allowing Locke to convey the residue to the Church in kind once all of the specific bequests had been paid.

On November 26, 2013, Locke mailed a letter to the Church rejecting its proposal. Locke reasoned that he did not have the authority to consent to the suggested arrangement because it was contrary to Cherry's intent, as evidenced by the May 24, 2011 will. On January 3, 2014, the Church filed a petition seeking to enjoin Locke permanently from selling all real and personal property owned by the estate.

After a hearing on February 25, 2014, the orphans' court entered an order denying the Church's petition for an injunction on March 5, 2014. That order provided as follows:

> AND NOW, this 5th day of March, 2014, the Petition of the [Church] for an injunction is denied. However, since the [Church] has offered to pay all of the cash requirements attendant to the settlement of this estate, this [c]ourt will not authorize the sale of the personal property or real estate of [Cherry,] and would, upon application, enjoin any proposed sale of these assets.

Orphans' Court Order, 3/5/2014, at 1.

On April 4, 2014, Locke filed a notice of appeal. On April 9, 2014, the orphans' court ordered Locke to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 20, 2014, the orphans' court filed its Pa.R.A.P. 1925(a) opinion, in which it recommended that we quash Locke's appeal as interlocutory.[1]

Locke raises two issues challenging the orphans' court's March 5, 2014 order. However, before addressing the merits of Locke's claims, we must assess our jurisdiction to do so. For the reasons set forth below, we agree with the orphans' court that the order at issue in this appeal is interlocutory and not appealable.

The orphans' court's reasoned as follows in finding that the appeal in this case is premature:

_____

[1] We also note that the certified record at least suggests that Locke's Rule 1925(b) statement was filed untimely. As a matter of law, the untimely filing of a Rule 1925(b) statement results in the waiver of all issues raised on appeal. **Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005). However, addressing our subject matter jurisdiction is a threshold inquiry that predominates over questions of procedural waiver. Because we find below that we lack jurisdiction over the instant appeal, we need not resolve questions regarding whether Locke timely filed his Rule 1925(b) statement.

> [Pennsylvania Rule of Appellate Procedure] 342 was amended in 2012 to specifically list the various orders that are immediately appealable in an Orphans' Court case. The order in this appeal does not fit into one of the seven (7) categories of orders from which an appeal may be taken as of right nor is it an order that is otherwise appealable under Chapter 3 of the Rules of Appellate Procedure. Likewise, the Supreme Court in **In re Estate of Stricker**, 977 A.2d 1115, 1116 (Pa. 2009), opined that an appeal from an order directing the administrator to sell real estate was interlocutory. Accordingly, we believe that a direction not to sell is equally interlocutory.

O.C.O. at 5 (citation modified).

Pennsylvania Rule of Appellate Procedure 341 provides generally that appeals may be taken as of right only from final orders. Pa.R.A.P. 341. A final order is any order that "disposes of all claims and of all parties," "is expressly defined as a final order by statute," or "is entered as a final order pursuant to" Rule 341(c). Pa.R.A.P. 341(b). Rule 341(c) permits the trial court to "enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case." However, "in the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order." Pa.R.A.P. 341(c).

Qualifying Rule 341 are two rules that we must consider. Rule 313 provides that an appeal may be taken as of right from a collateral order, which is "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in

the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). Rule 342 ("Appealable Orphans' Court Orders"), provides, in relevant part, as follows:

> **(a) General rule.**—An appeal may be taken as of right from the following orders of the Orphans' Court Division:
>
> * * * *
>
> (6) An order determining an interest in real or personal property . . . .

Pa.R.A.P. 342. We begin our review with Rule 342.

In **In re Estate of Stricker**, 977 A.2d 1115 (Pa. 2009), our Supreme Court held that an orphans' court's order to sell real estate in connection with the disposition of an estate was an interlocutory order that was not appealable under Rule 313 or former Rule 342.[2] In that case, two tracts of land constituted the bulk of the decedent's estate, which was to be disposed of by two co-executors, one of whom was the appellant, in favor of approximately ten beneficiaries. One tract was subject to a third party's option to repurchase the property, which the third party had exercised. The remaining tract was put up for auction, where John Fulton made the highest bid. The orphans' court directed the estate to deliver that tract to Fulton. **Id.** at 1116-17.

_____

[2] Rule 342 was amended, effective February 12, 2012, in ways that are reflected in the reproduction immediately *supra*. We address the effect of these amendments in the following discussion.

Before the auction occurred, the appellant co-executor had made multiple below-market value offers to buy both tracts. His co-executrix and the beneficiaries rejected the offers. Although the appellant participated in the public auction for the unrestricted property, Fulton's bid not only exceeded the appellant's, but indeed exceeded the appellant's prior offers for both tracts combined. The appellant thereafter refused to cooperate in transferring either tract. The co-executrix then petitioned the court to compel the appellant to sign the agreement of sale transferring the tract purchased by Fulton. The orphans' court entered an order so directing, and the appellant appealed that order. This Court quashed the appeal as interlocutory. On remand, the orphans' court ruled that the co-executors were bound to take the necessary steps to consummate the sale of one tract. The orphans' court also directed the co-executors to take the steps necessary to complete the sale of the other tract to Fulton. *Id*. at 1117.

Once again, the appellant sought relief in this Court, and once again this Court quashed the appeal for want of jurisdiction. First, we held that the orders were not final because a final accounting of the estate had not been rendered. Second, we held that the orders appealed from were not appealable under the collateral order doctrine as embodied by Rule 313. *Id.*

The Supreme Court granted the appellant's petition for allowance of appeal to address whether the orders in question were final pursuant to Rules 341 and 342 or were collateral orders that were appealable as of right pursuant to Rule 313. *Id.* The Court made the following observations:

Rule 342 allows Orphans' Court judges to designate as final (and therefore immediately appealable) an order "making a distribution, or determining an interest in realty or personalty or the status of individuals or entities." Pa.R.A.P. 342. It does not require that any particular class of orders be treated as final, but instead leaves the determination of finality of orders not disposing of all claims and all parties up to the Orphans' Court judge. Pa.R.A.P. 342(1). Certification under Rule 342 is wisely left to the discretion of the Orphans' Court[ judges], who are in the best position to take the facts of the case into account when deciding whether an immediate appeal would be appropriate.

"It is fundamental law in this Commonwealth that an appeal will lie only from final orders, unless otherwise expressly permitted by statute." *T.C.R. Realty, Inc., v. Cox*, 372 A.2d 721, 724 (Pa. 1977). An appeal from an order directing the administrator of a decedent's estate to sell real estate belonging to the decedent is interlocutory and must be quashed. *In re Maslowski's Estate*, 104 A. 675 (Pa. 1918); *In re Estate of Habazin*, 679 A.2d 1293 (Pa. 1996); *see also Appeal of Snodgrass*, 96 Pa. 420, 421 (Pa. 1880) (holding that an order directing sale of real estate for payment of decedent's debts is not definitive, and an appeal will not lie therefrom: "Why should the proceeding be brought here by piece-meal when the whole may be reviewed on an appeal from the final confirmation?").

*Id.* at 1117-18 (citations modified).

The appellant argued that, if he was not afforded an immediate appeal, "the tracts [would] be sold, his claims regarding the properties [would] be lost, and therefore the orders should be considered final." *Id.* at 1118. Our Supreme Court disagreed in an instructive passage:

It is true that the real estate will no longer be available to [the appellant] once a sale to another party is accomplished. But [the appellant] was not bequeathed the tracts themselves. Instead, [the appellant] is entitled only to a share of the decedent's estate after it has been liquidated. Therefore, his claim that an immediate appeal is necessary to protect his interests fails. Indeed, [the appellant] has no greater rights with respect to this property than any potential buyer. Moreover, if

> [the Court] accepted [the appellant's] argument that any claim on or about property that might be sold during the probate process should be immediately appealable, the appellate court system would be flooded with such appeals and the administration of decedents' estates would be unreasonably delayed.

*Id.* at 1118; *cf. id.* at 1119-21 (Saylor, J., concurring) (positing that immediate appeal in certain circumstances might expedite disposition of the estate). The Court went on to explain that "an order is not final and appealable merely because it decides one issue of importance to the parties." *Id.* at 1118 (quoting 3 Patridge-Remick, *Practice & Procedure in the Orphans' Court of Penna.* § 26.04); *see In re Estate of Quinn*, 805 A.2d 541, 543 (Pa. Super. 2002) (noting that "the confirmation of the final account of the personal representative represents the final order, and deeming an appealed distribution order interlocutory because the orphans' court had not confirmed a final accounting and the estate "remain[ed] under administration").

After *Stricker*, the Supreme Court amended Rule 342. No longer was the question of appealability vested strictly in the orphans' court's discretion. Rather, the revised rule identified certain orders that would henceforth be appealable as of right, independent of any orphans' court finding regarding the nature of the order and its place in the proceedings. Locke argues that subsection (a)(6) of Rule 342 applies in this case. This subsection designates as immediately appealable an orphans' court order that "determines an interest in real or personal property." Pa.R.A.P. 342(a)(6).

In **In re Estate of Ash**, 73 A.3d 1287 (Pa. Super. 2013), this Court interpreted and applied Rule 342 in its current form. In **Ash**, the will at issue made specific cash bequests and directed that the remaining personal and real property be sold, with the proceeds to be divided among three residual beneficiaries. The appellant, Joseph Heit, was named executor; the remaining two beneficiaries were his brother, James Heit, and Duane Fetter. As executor, the appellant conveyed to himself (as an individual) a tract of land referred to as Tract 1, which he contended was consistent with an agreement of sale entered into with the decedent prior to his death. The orphans' court set aside the sale, removed the appellant as executor, and appointed an administratrix in the appellant's place. The appellant did not appeal that order. **Id.** at 1288.

Thereafter, Fetter indicated that he had entered an agreement with the decedent to purchase an adjoining tract ("Tract 2"), and signaled to the administratrix that he was willing to buy Tract 2 as well as the two adjoining tracts, Tract 1 and Tract 3. It appeared from the record that the administratrix intended to sell these tracts to Fetter. Thereafter, the appellant filed a "Petition to Force Sale of Real Estate," wherein he asserted that he was willing to buy Tract 1. He also contended that Tract 1 would be landlocked unless an easement were granted over Tract 2. He asked the court to grant an order directing the administratrix to grant the easement over Tract 2 and stay the sale of Tract 1 until the parties' disputes regarding the property were resolved. The administratrix, however, indicated that it

would be in the best interests of the estate to sell all three tracts to Fetter, both because the net proceeds would be greater and because it would avoid the prospect of litigation with Fetter. The orphans' court entered an order denying the appellant's petition and authorizing the administratrix to enter into an agreement selling all of the tracts to Fetter, and the appellant appealed. *Id.* 1288-89.

We found the facts in *Ash* to be apposite to those in *Stricker*, notwithstanding the intervening amendments to Rule 342:

> The order on appeal before us authorizes the administratrix to sell real estate formerly belonging to [Ash] in order to accomplish the eventual division of the estate assets (*i.e.*, the sale proceeds) among the beneficiaries as directed by Ash's will. Pursuant to *Stricker*, we conclude this order is neither final nor collateral but, instead, is interlocutory. . . .
>
> In reaching our result, we are mindful that the Rules of Appellate Procedure addressing the appealability of Orphans' Court orders have changed somewhat since *Stricker* was decided. . . . Effective February 13, 2012, the Supreme Court deleted from Rule 342 the provision concerning the ability of an Orphans' Court to make determinations of finality and, instead, listed various orders that would be immediately appealable. *See* Pa.R.A.P. 342(a). Among the orders listed in Rule 342 is an order determining an interest in real property. Pa.R.A.P. 342(a)(6).
>
> We do not believe the order before us is one of the appealable orders set forth by Rule 342, whether in Subsection (6) or otherwise. Consequently, we do not believe Subsection (6) and/or any other post[-]*Stricker* change(s) to Rule 342 negate *Stricker* and render the order before us appealable. We understand the effect of the instant order will be to allow the realty sale and, if the administratrix sells the tracts, Fetter will come to own them. Thus, if the sale is completed, the order will eventually lead to a change in the ownership interest of the realty. Nevertheless, the Orphans' Court decision now on appeal

did not involve the court having to resolve some dispute about who had or has an interest in the tracts: The estate obviously owns them. The court's decision was about . . . the propriety of her plan to reduce the estate assets to cash by sale to a particular party, the goal being to distribute the sale proceeds in accordance with the will. The court's decision was not about determining an interest in the subject realty. Accordingly, **Stricker** controls this case.

*Id.* at 1289-90 (citations modified; footnotes omitted). In a footnote, we acknowledged that certain language in the comment to the rule as amended, which drew upon Justice Saylor's concurring opinion in **Stricker**, perhaps complicated the analysis. However, we concluded that if "the changes to Rule 342 were indeed meant to abrogate **Stricker** and . . . to transform an order such as the one before us into an order determining an interest in realty under Subsection (6), . . . that pronouncement should be made by the Supreme Court. At present, we will follow **Stricker**." *Id.* at 1290 n.5.

As noted, *supra*, the orphans' court in this case focused upon **Stricker** and made no mention of **Ash**. However, the court's reasoning is sound under **Ash**: Specifically, the orphans' court observed that the **Stricker** Court "opined that an appeal from an order directing the administrator to sell real estate was interlocutory," and reasoned that "a direction **not** to sell is equally interlocutory." O.C.O. at 5 (emphasis added). We agree.

In **Ash**, we acknowledged that "the effect of the [challenged order would] be to allow the realty sale," which eventually would "lead to a change in the ownership interest of the realty." **Ash**, 73 A.3d at 1290. Nonetheless, we effectively held that subsection (a)(6) applied only when

the orphans' court enters an order that "resolve[s] some dispute about who had or has an interest in the tracts" at issue"; there, because "the estate obviously own[ed]" the property in question, subsection (a)(6) did not apply. *Id.*

The same is true in this case. Indeed, whereas **Ash** involved an order that actually directed the sale of real estate, an act that we found did **not** determine an **interest** in property, in the instant case the orphans' court order did not go even that far. Rather, the orphans' court order merely denied the Church's request for injunctive relief and indicated prospectively that the court would not "authorize the sale of the personal property or real estate of [Cherry,] and would, upon application, enjoin any proposed sale of these assets." Simply put, even if the order had denied an application to enjoin an actually proposed sale of the property at issue, rather than merely speculating that the court would do so, under **Ash**, it would not be appealable. That the order in the instant case did not go even that far[3]

_____

3 Although it does not change our ruling, which is based upon a jurisdictional defect, we must acknowledge that the orphans' court's order in this case appears rather anomalous. The orphans' court declined to grant the Church injunctive relief precluding the sale of the property the Church sought in kind, but in the same breath signaled, without apparent qualification, that it would enjoin any application to sell the property, citing the Church's willingness gratuitously to make the estate whole in return for an in-kind transfer not specified in the will. In so doing, the court seems to have created a stalemate in which the estate is not compelled to transfer the property to the Church but is precluded from taking the alternative course— *i.e.*, selling the property—to settle the estate. This appears to be an untenable situation. Notably, in **Stricker** our Supreme Court noted in
*(Footnote Continued Next Page)*

conclusively establishes that order as interlocutory and, as such, not appealable at this time.

This does not conclude our discussion, however, because we also must address whether the order at issue in this case is a collateral order that is appealable as of right under Pa.R.A.P. 313. As noted, *supra*, Rule 313 provides that an appeal may be taken as of right from "an order [that is] separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

The **Stricker** Court held that the order in question in that case was not a collateral order entitled to immediate review under Rule 313. Noting that, "to qualify as collateral, an order must be separable from the main cause of action," and that the collateral order doctrine "is to be construed narrowly to preserve the integrity of the general rule that only final orders may be appealed," the Court held that "it is not possible that an order to sell estate property **in pursuit of**" the final accounting and distribution of the estate provided for by the will could be "collateral to the main cause of action." **Id.**

_(Footnote Continued)_ _____

support of its ruling that the appellant therein had "no greater rights with respect to [the] property than any potential buyer" and that the rights were dictated strictly by the terms of the will. 977 A.2d at 1118. While material differences arguably exist between the **Stricker** fact pattern and the circumstances of this case, we merely note that the orphans' court order appears to have created a quandary that must be resolved on remand.

at 1119 (emphasis added). To the contrary, the Court found, it was "*central to the main cause of action.*" ***Id.*** (emphasis in original). Thus, the order in question did not qualify for immediate appeal as a collateral order under Rule 313.

Similarly in this case, the property at issue is central to the estate. Consequently, its eventual disposition will serve directly the final accounting and distribution of the estate. Accordingly, it is "central to the main cause of action" and it does not qualify as a collateral order subject to immediate appeal.

Appeal quashed. Case remanded.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/17/2015