J-A03015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: ESTATE OF THOMAS M. PINTO, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: MICHAEL PINTO | No. 991 MDA 2014 |

Appeal from the Order Entered June 4, 2014
In the Court of Common Pleas of Susquehanna County
Orphans' Court at No(s): O.C. 067-2013

BEFORE:  MUNDY, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 28, 2015**

Appellant, Michael Pinto, appeals from the June 4, 2014 order granting the executor, Anthony J. Garone (Executor), of the Estate of Thomas M. Pinto, Jr. (Estate) permission to sell two parcels of real property belonging to Estate.  Because we determine that this appeal is interlocutory, we quash the appeal.

The certified record discloses the following facts and procedural history.  Thomas M. Pinto, Jr. (Decedent) died testate on April 17, 2013.  His will made specific bequests of $20,000.00 to each of his two grandchildren to be held in trust until each grandchild turns 23.  Decedent's Last Will and

_____

[*] Former Justice specially assigned to the Superior Court.

Testament, 12/28/09, at 1.[1] The will did not specifically devise Decedent's real property. Instead, it provided that the residue of the estate was to be divided equally between his two sons, Thomas M. Pinto III (Thomas) and Appellant. *Id.* at 2. The will vested the executor with "full authority to sell, transfer and convey any property, real or personal, which I may own at the time of my death at such time and price upon such terms and conditions as he may determine." *Id.* On May 21, 2013, letters testamentary were granted to Executor.

At the time of his death, Decedent owned two adjoining parcels of real property totaling 20.05 acres. Decedent's residence was located on one of the parcels, which was ten acres (improved parcel). The other parcel was 10.05 acres of vacant land (unimproved parcel).

To assist with the administration of the real estate, Executor employed Francis J. Pinkowski, a licensed real estate broker and appraiser, to determine the value of Decedent's real property. On July 29, 2013, Pinkowski reported a total appraised value of $232,500.00 for both parcels and the residence combined as one unit. When both Thomas and Appellant expressed an interest in purchasing all or some of the real property, Executor instructed Pinkowski to conduct a second appraisal of the property

_____

[1] Decedent's will is not paginated, but we have numbered the pages sequentially for ease of discussion.

as two separate parcels. This second appraisal valued the improved parcel at $180,000.00, and the unimproved parcel at $100,000.00. Following this appraisal, Executor directed Pinkowski to list the parcels separately because that would net the highest return for the property. On January 30, 2014, Pinkowski listed the improved parcel for $189,500.00 and the unimproved parcel for $104,900.00. Pinkowski explained he set the list price above the appraised value to build in negotiating room. N.T., 5/19/14, at 110.

Executor received multiple bids for the improved and unimproved parcels. On February 10, 2014, Appellant sent an offer to Sam W. Lewis, Esquire, counsel for the estate (Counsel), to purchase both parcels together for $280,000.00. Executor, however, refused to accept Appellant's bid on the parcels as a whole, and instead directed Appellant to submit his bids separately for each parcel. On February 18, 2014, Appellant submitted bids in the amount of $152,000.00 for the improved parcel and $128,000.00 for the unimproved parcel. Appellant's Petition for Citation, 3/24/14, at Exhibit 9.

In the interim, on February 14, 2014, Thomas submitted an offer on the unimproved parcel for $110,000.00, accompanied by a deposit of $1,000.00. On February 21, 2014, third-party purchasers submitted a bid of $189,500.00 for the improved parcel, along with a $1,000.00 deposit. N.T., 5/19/14, at 138. Thereafter, Executor accepted the third-party purchasers' bid on the improved parcel. The third-party purchasers entered into a

written agreement of sale for the improved parcel with Executor, and set a proposed settlement date of May 16, 2014. *Id.* at 118-119. The parties later extended the settlement date to June 16, 2014. *Id.* at 120.

On March 10, 2014, Counsel accepted Appellant's bid for the unimproved parcel. Counsel, however, rejected Appellant's bid for the improved parcel as Pinkowski had obtained the abovementioned third-party purchasers who offered the full listing price for the improved parcel. Appellant's Petition for Citation, 3/24/14, at Exhibit 10. Counsel requested Appellant contact Pinkowski to execute a standard real estate agreement. *Id.* On March 18, 2014, Counsel sent the following letter to Appellant's attorney.

> As I indicated to you last week upon my return to the office, your client submitted the high bid on the 10[-]acre vacant parcel. The Executor accepted his bid. It is listed with Frank Pinkowski. Please have your client do as you indicated he would in your letter of March 12, 2014 – formalize the accepted offer by way of a sales agreement through Frank Pinkowski's office. There is no reason to involve any other realtor inasmuch as the deal is struck. Your client, previously so concerned about an imagined delay, is now dragging his feet and creating that of which he complains.

*Id.* at Exhibit 12.

Appellant neither executed a formalized agreement of sale with Pinkowski[2] nor put a deposit on the unimproved parcel. N.T., 5/19/14, at 120-121. Instead, on March 24, 2014, Appellant filed a petition for citation with the orphans' court. In it, Appellant requested that Executor "show cause why [Appellant]'s offer to purchase from the Estate all of the Decedent's undivided real property, consisting of twenty and five hundredths (20.05) acres plus residence, for [$232,500.00], should not be accepted by the Estate …."[3] Appellant's Petition for Citation, 3/24/14, at 5-6.

A hearing on the petition was held on May 19, 2014. At the hearing, Appellant contended that the parcels and residence should have been sold as a single unit to Appellant for $232,000.00. N.T., 5/19/14, at 49, 53. Alternatively, Appellant suggested that the orphans' court restart the bidding, confined to Appellant and Thomas. *Id.* at 164 (requesting leave to amend to add this remedy). Appellant, however, did not suggest that the court enforce his bid of $128,000.00 for the unimproved lot. *Id.* at 160-165. On June 4, 2014, the orphans' court issued its opinion and order granting Executor permission to sell the improved lot to the third-party purchasers for $189,500.00 and granting Executor permission to sell the

_____

[2] Executor, however, did sign the agreement of sale for Appellant to purchase the unimproved parcel. N.T., 5/19/14, at 93.

[3] The petition did not specifically ask the orphans' court to direct the sale of the unimproved parcel to Appellant.

unimproved lot to Thomas for $110,000.00. Orphans' Court Order, 6/4/14, at 1.

On June 12, 2014, Appellant filed a timely notice of appeal. The record reveals that the orphans' court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, and Appellant did not file a Rule 1925(b) concise statement. The orphans' court nonetheless filed, on June 24, 2014, a "statement as to matters complained of on appeal," explaining that the reasons for its decision were contained in its June 4, 2014 opinion and order.

On appeal, Appellant raises the following issue for our review.

> Whether or not the [orphans'] [c]ourt erred as a matter of law and overstepped its bounds abusing its discretion in granting the unimproved lot in question to the low bidder, Thomas M. Pinto, III[,] for a price less than that for which the Appellant had already agreed to buy from the Estate, and which the Estate agreed to sell, in writing, to the Appellant[?]

Appellant's Brief at 6.

Before reaching the merits of Appellant's claims, we must determine if we may properly exercise jurisdiction over this appeal. As an appellate court, we may raise jurisdictional issues *sua sponte*. **In re W.H.**, 25 A.3d 330, 334 (Pa. Super. 2011), *appeal denied*, 24 A.3d 364 (Pa. 2011). "Under Pennsylvania law, an appeal may be taken only from an interlocutory order

appealable as of right, a final order, a collateral order, or an interlocutory order by permission." *Id.* (citations omitted).

Pennsylvania Rule of Appellate Procedure 341 provides generally that an appeal may be taken as of right only from a final order. Pa.R.A.P. 341. A final order is any order that "disposes of all claims and of all parties," "is expressly defined as a final order by statute," or "is entered as a final order pursuant to [Rule 341(c)]." *Id.* at 341(b). Rule 341(c) permits the trial court to "enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case." *Id.* at 341(c). If the trial court does not do so, "any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order." *Id.*

"In a decedent's estate, the confirmation of the final account of the personal representative represents the final order, subject to exceptions being filed and disposed of by the court." *In re Estate of Habazin*, 679 A.2d 1293, 1295 (Pa. Super. 1996) (citation omitted). Here, the June 4, 2014 order of the orphans' court, authorizing Executor to sell real property of Decedent's estate, is facially interlocutory because it is not an appeal from the confirmation of the final account of Executor. However, Appellant contends that his appeal may be taken pursuant to either Rule 313 or 342 of

the appellate rules. Appellant's Answer to Rule to Show Cause, 10/22/14, at 9-12. After careful review, we conclude this appeal must be quashed.

Appellant first claims the orphans' court order directing the sale of Decedent's property is immediately appealable as a collateral order. Appellant's Brief at 1-2. An appeal as of right from a collateral order is permitted by Rule 313, which provides as follows.

> **Rule 313. Collateral Orders**
>
> **(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

Our Supreme Court has held that an orphans' court order directing the sale of real estate in the process of the disposition of an estate is not immediately appealable under Rule 313 as a collateral order. **In re Estate of Stricker**, 977 A.2d 1115, 1118 (Pa. 2009). Therein, the decedent's estate consisted largely of two tracts of land that the decedent's will did not specifically devise. **Id.** at 1116. One tract was subject to an option to repurchase, which the holder of the option exercised. **Id.** at 1116-1117. The other tract was not encumbered and was sold at auction to the highest bidder. **Id.** at 1117. The orphans' court ordered that the unencumbered

tract be delivered to the high bidder, but one of the two executors, who was also a residual beneficiary of the estate and a low bidder, refused to sign the agreements of sale for the unrestricted tract. *Id.* The orphans' court issued an order determining that the sale was valid, and the executor appealed. *Id.* This Court quashed this first appeal as interlocutory. *Id.* After remand, the orphans' court entered an order determining that the option to repurchase was valid and instructed the co-executors to move toward finalizing the sale of that tract to the option holder. *Id.* The executor appealed, and this Court quashed the second appeal as interlocutory. *Id.* On further appeal, our Supreme Court concluded that the order was not a collateral order pursuant to Rule 313 for the following reasons. *Id.* at 1119.

> The Orphans' Court division has jurisdiction over, among other things, "[t]he administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial." 20 Pa.C.S. § 711. In this case, the "main cause of action" is the final administration of [the] estate, along with the distribution of estate property according to [the will], in accordance with the central purpose of the [o]rphans' [c]ourt's jurisdiction. The [w]ill, which consists of a single page, does not make any specific bequests; rather, it first directs that the executors pay debts, expenses, and taxes, and then directs that all remaining property in the estate be given in equal shares to the decedent's children or their issue *per stirpes*. Since the [w]ill directs that the residue be divided equally among the decedent's heirs, it is not possible that an order to sell estate property in pursuit of such division is collateral to the main cause of action. It is, in fact, *central* to the main cause of action. Therefore, [the] [a]ppellant's argument that the contested orders should be appealable as collateral orders must fail.

*Id.* at 1119. (emphasis in original); *see also Estate of Cherry*, --- A.3d ---, 2015 WL 1208223, at *1, *7 (Pa. Super. 2015) (holding that orphans' court order providing "this [c]ourt will not authorize the sale of the personal property or real estate of [the decedent,] and would, upon application, enjoin any proposed sale of these assets[]" was not immediately appealable as a collateral order under Rule 313); *In re Estate of Ash*, 73 A.3d 1287, 1289 (Pa. Super. 2013) (concluding that an order authorizing the sale of real property of the decedent's estate was not a collateral order under Rule 313), *appeal denied*, 86 A.3d 231 (Pa. 2014).

For similar reasons, we conclude that the orphans' court order in this case is not immediately appealable as a collateral order under Rule 313. Here, the main cause of action is the administration of Decedent's Estate. Like in *Stricker*, Decedent did not specifically devise his real property in his will. Instead, his will provides for the creation of trusts for both of his grandchildren and then directs all residual property be divided equally between two heirs, Appellant and Thomas. A necessary antecedent to equally dividing the residue of Decedent's Estate between his heirs is the sale of Decedent's real property. The orphans' court order authorizing said sale of Decedent's property to achieve that division is central to the administration of Decedent's estate. Therefore, the orphans' court order is not a collateral order under Rule 313. *See Stricker*, *supra*.

This does not conclude our discussion because Appellant alternatively maintains the following subsections of Rule 342 permit his appeal as of right. Appellant's Brief at 2.

> **Rule 342. Appealable Orphans' Court Orders**
>
> **(a) General rule.** An appeal may be taken as of right from the following orders of the Orphans' Court Division:
>
> …
>
> > (3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;
> >
> > …
> >
> > (6) An order determining an interest in real or personal property; [or]
> >
> > …
> >
> > (8) An order otherwise appealable as provided by Chapter 3 of these rules [*e.g.*, Rule 313, ***supra***].

Pa.R.A.P. 342(a)(3), (6), (8).

In ***Stricker***, our Supreme Court concluded that Rule 342 did not permit an interlocutory appeal from an orphans' court order that determined an option to repurchase the decedent's property was valid.[4] ***Stricker***,

---

[4] ***Stricker*** was decided under the prior version of Rule 342, which made appealability contingent upon the orphans' courts determining the finality of their orders either making a distribution or deciding an interest in property or the status of individuals. Following ***Stricker***, Rule 342 was amended,
*(Footnote Continued Next Page)*

*supra*. The Court rejected the appellant's argument that, for the purposes of Rules 341 and 342, the orphans' court order should be considered final because his claims regarding the property would be lost after it was sold, reasoning as follows.

> It is true that the real estate will no longer be available to [the] [a]ppellant once a sale to another party is accomplished. But [the] [a]ppellant was not bequeathed the tracts themselves. Instead, [the] [a]ppellant is entitled only to a share of the decedent's estate after it has been liquidated. Therefore, his claim that an immediate appeal is necessary to protect his interests fails. Indeed, [the] [a]ppellant has no greater rights with respect to this property than any potential buyer. Moreover, if we accepted [the] [a]ppellant's argument that any claim on or about property that might be sold during the probate process should be immediately appealable, the appellate court system would be flooded with such appeals and the administration of decedents' estates would be unreasonably delayed.
>
> …
>
> A delay in review of the orders in this case "will not result in the loss of any right in any of the parties because the real estate is not specifically devised under the will to any person, and the proceeds of sale will remain under the review and control of the [o]rphans' [c]ourt until confirmation of the final account." **Habazin**, [**supra**].

*Id.* at 1118.

_____

(Footnote Continued) ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

effective February 12, 2012, to list a number of orphans' court orders appealable as of right.

Following **Stricker**, Rule 342 was amended to its current, above-quoted form. In **Ash**, this Court decided that those amendments to Rule 342 did not render immediately appealable an order authorizing an administratrix to enter an agreement for the sale of all three tracts of the decedent's real property, which was not specifically devised, to a third-party purchaser. **Ash**, **supra** at 1289. The decedent's will made specific cash bequests and directed the remaining personal and real property to be sold, with the proceeds divided equally among three residual beneficiaries. **Id.** at 1288. At the time of decedent's death, a third party had an agreement with decedent to purchase one, but not all three, of the tracts. **Id.** In affirming the orphans' court order directing the sale of all three tracts to the third party, this Court recognized that said order would eventually lead to a change in ownership of the property. **Id.** at 1290. However, we explained that it remained an unappealable order under all subsections of the new Rule 342 because it "did not involve the court having to resolve some dispute about who had or has an interest in the tracts[.]" **Id.** Instead, the purpose of the orphans' court order was to achieve the distribution of proceeds in accordance with the will, not to determine an interest in the decedent's property. **Id.** Therefore, this Court concluded that the amendments to Rule

342 did not negate the rule announced in **Stricker** and quashed the appeal.[5]

**Id.**

The orphans' court order in this case did not take any of the actions specified by Rule 342 that would render the order immediately appealable. Like in **Stricker** and **Ash**, the orphans' court order did not resolve a dispute about who had or has an interest in the unimproved parcel. Instead, it only authorized Executor to make a distribution of real property in furtherance of the administration of the estate in accordance with Decedent's will. As this Court reasoned in **Ash**, the purpose of the orphans' court order was to achieve the distribution of Decedent's Estate, not to determine an interest in the unimproved parcel. Therefore, under **Stricker** and **Ash**, the orphans' court order is not immediately appealable under Rule 342.

Appellant argues, however, that this case is distinct because, even though the will did not specifically devise the real property, Appellant otherwise had an interest in the unimproved parcel due to Estate's acceptance of his high bid. Appellant's Brief at 2. This is a distinction

---

[5] The **Ash** Court noted that the comment to the amended Rule 342 relied on Justice Saylor's concurring opinion in **Stricker**, wherein he opined that the immediate appeal of estate orders related to real property would facilitate the more efficient distribution of a decedent's estate. **Stricker**, **supra** at 1119-1121 (Saylor, J., concurring); **Ash**, **supra** at 1290 n.5. However, we concluded that if "the changes to Rule 342 were indeed meant to abrogate **Stricker** and were intended to transform an order such as the one before us into an order determining an interest in realty under Subsection (6), … that pronouncement should be made by the Supreme Court. At present, we will follow **Stricker**." **Ash**, **supra** at 1290 n.5.

without difference. This fact does not render the orphans' court order immediately appealable under Rule 342 because the orphans' court did not consider the letter wherein Counsel accepted the high bid and did not determine whether that letter provided Appellant with any interest in the unimproved property.[6] Therefore, the orphans' court order did not "interpret[] … a document that forms the basis of a claim against an estate" nor "determin[e] an interest in real[ ]property." Pa.R.A.P. 342(3), (6). Instead, the orphans' court order only authorized Executor to sell the unimproved parcel. This is not an immediately appealable order under Rule 342.

---

[6] As noted above, Appellant did not ask the orphans' court to determine the effect of his high bid or to enforce it by directing the sale of the unimproved parcel to Appellant. *See* Appellant's Petition for Citation, 3/24/14, at 5-6 (requesting that the orphans' court direct the sale of both lots to Appellant for $232,000.00); N.T., 5/19/14, at 160-165 (asking, alternatively, that the orphans' court re-open the bidding and confine it to Appellant and Thomas).

Based on the foregoing, we conclude the orphans' court order is not immediately appealable. We therefore quash the appeal, as we are without jurisdiction to entertain it. **See Stricker**, **supra**; **Ash**, **supra** at 1290.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/28/2015