J-A16035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF SOPHIA M. KRASINSKI A/K/A SOPHIA KRASINSKI A/K/A SOPHIA KRASINSKY LATE OF MORRISDALE (COOPER TOWNSHIP), CLEARFIELD COUNTY, PENNSYLVANIA DECEASED NOVEMBER 4, 2006,<br><br>Appellee<br><br><br>APPEAL OF: ESTATE OF SOPHIA M. KRASINSKI AND ITS EXECUTOR, EDWARD KRASINSKI | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br>No. 1265 WDA 2015 |

Appeal from the Order July 16, 2015
In the Court of Common Pleas of Clearfield County
Orphans' Court at No(s): 1707-0003

| | |
|---|---|
| IN RE: ESTATE OF SOPHIA M. KRASINSKI, A/K/A SOPHIA KRASINSKI A/K/A SOFIA KRASINSKY, LATE OF MORRISDALE, (COOPER TOWNSHIP) CLEARFIELD COUNTY, PENNSYLVANIA DECEASED ON 11/04/06,<br><br>Appellee<br><br><br><br>APPEAL OF: PATRICIA KRASINSKI-DUNZIK | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br>No. 1289 WDA 2015 |

Appeal from the Order July 16, 2015
In the Court of Common Pleas of Clearfield County
Orphans' Court at No(s): 1707-0003

J-A16035-16

BEFORE: SHOGAN, OLSON, and STRASSBURGER,[*] JJ.

CONCURRING AND DISSENTING MEMORANDUM BY SHOGAN, J.:

FILED: October 5, 2016

I concur in the Majority's disposition of the Estate's appeal. However, because Pennsylvania case law instructs that the April 30, 2013 order confirming the private sale of Sophia's real estate was interlocutory, I respectfully dissent from the Majority's conclusion that Patricia's issues regarding the private sale are waived. I also disagree that Patricia is responsible for the tax implications of the private sale.

Initially, I note that Sophia did not specifically devise her real estate to her children. Instead, she provided that the residue of the estate was to be divided equally among her four children. Last Will and Testament, 8/18/99, at Item II. Also, Sophia did not authorize her executor to sell her real property.

This Court has held, "In a decedent's estate, the confirmation of the final account of the personal representative represents the final order, subject to exceptions being filed and disposed of by the court." *In re Estate of Habazin*, 679 A.2d 1293, 1295 (Pa. Super. 1996) (citation omitted); *In re Estate of Quinn*, 804 A.2d 541, 543 (Pa. Super. 2002) ("[T]he confirmation of the final account of the personal representative

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

represents the final order."). Here, the April 30, 2013 order, confirming the private sale of real property of the decedent's estate, is facially interlocutory because it does not generate an appeal from the confirmation of the executor's final account.

Moreover, and contrary to the Majority's position, the April 30, 2013 order was not appealable under subsection (a)(6)—or any subsection—of amended Pa.R.A.P. 342.[1] "Legal title to all real estate of a decedent shall pass at his death to his heirs or devisees, **subject, however**, to all the powers granted to the personal representative by this code and lawfully by the will and to all orders of the court." 20 Pa.C.S.A. § 301 (emphasis supplied). Here, until legal title passed to the heirs pursuant to the April 30, 2013 order, the estate owned the properties; therefore, subsection (a)(6) does not apply. **Accord In re Estate of Ash**, 73 A.3d 1287, 1290 (Pa. Super. 2013) (holding that an order directing the sale of real estate not specifically devised did not determine an interest in property because "the estate obviously own[ed]" the property in question). The purpose of the April 30, 2013 order was not to resolve some dispute about who had or has an interest in the properties; the estate owned the properties. Instead, the

_____

[1] Under **Stricker**, **infra**, the question of appealability was vested strictly in the orphans' court's discretion. **In re Estate of Cherry**, 111 A.3d 1204, 1209 (Pa. Super. 2015). Following **Stricker**, Pa.R.A.P. 342 was amended, effective February 12, 2012, to list a number of orphans' court orders appealable as of right. Pa.R.A.P. 342(a)(1-8).

April 30, 2013 order was about the propriety of the executor's plan to sell the properties through a private sale, the goal being to distribute the estate assets in accordance with the will, *i.e.*, to Sophia's children. In other words, the purpose of the order was to achieve the distribution of the estate, not to determine an interest in real property.

Nor was the April 30, 2013 order appealable as a collateral order under Pa.R.A.P. 313. *See In re Estate of Stricker*, 977 A.2d 1115, 1118 (Pa. 2009) (holding that an orphans' court order directing the sale of real estate in the process of the administration of an estate is not immediately appealable under Rule 313 as a collateral order); *Ash*, 73 A.3d at 1289 (concluding that an order authorizing the sale of real property of the decedent's estate was not a collateral order under Rule 313). Here, the real estate at issue is central to the estate. "Consequently, its eventual disposition will serve directly the final account and distribution of the estate. Accordingly, it is central to the main cause of action and it does not qualify as a collateral order subject to immediate appeal." *In re Estate of Cherry*, 111 A.3d 1204, 1211 (Pa. Super. 2015) (internal quotation marks omitted).

Based on the foregoing, I disagree with the Majority's conclusions that the April 30, 2013 order was final, that Patricia should have filed an appeal from the April 30, 2013 order and that, because she did not appeal that order, her issues regarding the private sale are waived. Therefore, I would address those issues on the merits.

I also disagree with the Majority's conclusion that Patricia was responsible for the tax implications of the private sale. The decedent expressly directed, "[A]ll taxes that may be assessed in consequence of my death, of whatever nature and by whatever jurisdiction imposed, shall be paid from my residuary estate as a part of the expense of the administration of my estate." Last Will and Testament, 8/18/99, at Item III. Therefore, the Estate was responsible for the tax implications of the private sale.