J-E02001-17

2018 PA Super 130

| | |
|---|---|
| IN RE:  ESTATE OF SOPHIA M. KRASINSKI A/K/A SOPHIA KRASINSKI A/K/A SOPHIA KRASINSKY LATE OF MORRISDALE (COOPER TOWNSHIP), CLEARFIELD COUNTY, PENNSYLVANIA DECEASED NOVEMBER 4, 2006 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | No. 1265 WDA 2015 |
| APPEAL OF: ESTATE OF SOPHIA M. KRASINSKI AND ITS EXECUTOR, EDWARD KRASINSKI | |

Appeal from the Order July 16, 2015
In the Court of Common Pleas of Clearfield County Orphans' Court at
No(s):  1707-0003

| | |
|---|---|
| IN RE: ESTATE OF SOPHIA M. KRASINSKI, A/K/A SOPHIA KRASINSKI A/K/A SOFIA KRASINSKY, LATE OF MORRISDALE, (COOPER TOWNSHIP) CLEARFIELD COUNTY, PENNSYLVANIA DECEASED ON 11/04/06 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | No. 1289 WDA 2015 |
| APPEAL OF: PATRICIA KRASINSKI-DUNZIK | |

Appeal from the Order July 16, 2015
In the Court of Common Pleas of Clearfield County Orphans' Court at
No(s):  No. 1707-0003

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., BOWES, J., SHOGAN, J.,
          LAZARUS, J., OLSON, J., OTT, J., STABILE, J., and DUBOW, J.

CONCURRING AND DISSENTING OPINION BY SHOGAN, J.:

**FILED MAY 15, 2018**

In the appeal of Patricia Krasinski-Dunzik ("Appellant"), this Court is once again asked to address the appealability of an Orphans' Court order to sell real estate during the administration of an estate. In my opinion, Pennsylvania case law instructs that the April 30, 2013 order confirming the private sale of real estate owned by Sophia Krasinski ("Sophia") was interlocutory, despite the February 12, 2012 revision to Pa.R.A.P. 342. Therefore, I respectfully dissent from the Majority's conclusion that Appellant's issues regarding the private sale are waived.

> Pursuant to Pa.R.A.P. 342(a):
>
> An appeal may be taken as of right from the following orders of the Orphans' Court Division:
>
> (1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;
>
> (2) An order determining the validity of a will or trust;
>
> (3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;
>
> (4) An order interpreting, modifying, reforming or terminating a trust;
>
> (5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;
>
> (6) An order determining an interest in real or personal property;
>
> (7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); . . .

Pa.R.A.P. 342(a).

The Majority concludes that the April 30, 2013 order was appealable under Rule 342(a)(6) because it "clearly determines an interest in real property." Majority Opinion, at 15 (internal quotation marks and ellipse omitted). It appears that the Majority has overlooked this Court's decision in a substantively similar case, in which the revised version of Rule 342 was applicable, **In re Estate of Ash**, 73 A.3d 1287, 1290 (Pa. Super. 2013).

In **Ash**, the decedent's will made several specific cash bequests and directed that his remaining personal and real property be sold with the proceeds being divided among three residual beneficiaries—namely, the appellant Joseph Heit ("Heit"), James Heit (the appellant's brother), and Duane Fetter ("Fetter"). Although the decedent owned three tracts of land, "[t]he will devised no realty." **Ash**, 73 A.3d at 1288. As executor, Heit conveyed Tract 1 to himself. The Orphans' Court set aside that sale, removed Heit as executor, and appointed an administratrix.

Fetter expressed to the administratrix an interest in buying the three tracts, and she was agreeable. In response, Heit filed a document titled "Petition to Force Sale of Real Estate." **Ash**, 73 A.3d at 1288. Therein, Heit indicated his continued willingness to buy Tract 1, his belief that Tract 1 would be landlocked without an easement over Tract 2, and his willingness to pay a higher price for Tract 1 if an easement over Tract 2 was in place. Heit asked the Orphans' Court to direct the administratrix to grant an easement over

Tract 2 and to "halt the sale of Tract 1 until the disputes among the parties regarding the sale of Tract 1 were resolved." *Id.* In response, the administratrix favored a sale of all three tracts to Fetter because it would dispose of all properties for a profitable price and would avoid the possibility of a lawsuit by Fetter "if the administratrix attempted to grant an easement over Tract 2 before conveying it to Fetter and Tract 1 to [Heit]." *Id.* at 1288–1289.

The Orphans' Court denied Heit's petition and authorized the administratrix to enter a sales agreement with Fetter. Heit appealed, and this Court quashed the appeal. In doing so, the panel first reviewed the Pennsylvania Supreme Court case of *In re Estate of Stricker*, 977 A.2d 1115 (Pa. 2009). Therein, the Supreme Court:

> addressed the appealability of an Orphans' Court order to sell realty during the process of disposition of an estate. The Supreme Court opined that "[a]n appeal from an order directing the administrator of a decedent's estate to sell real estate belonging to the decedent is interlocutory and must be quashed." *Stricker*, 977 A.2d at 1118. The court also held that the order in question was not appealable as a collateral order. *Id.* at 1119.

*Ash*, 73 A.3d at 1289.[1] The *Ash* Court then explained its decision to quash in light of *Striker*:

---

[1] *See also In re Estate of Cherry*, 111 A.3d 1204 (Pa. Super. 2015) (explaining that under *Stricker*, the question of appealability was vested strictly in the orphans' court's discretion, and following *Stricker*, Pa.R.A.P. 342 was amended, effective February 12, 2012, to list a number of orphans' court orders appealable as of right. Pa.R.A.P. 342(a)(1-8)). In *Estate of*

- 4 -

The order on appeal before us authorizes the administratrix to sell real estate formerly belonging to the decedent in order to accomplish the eventual division of the estate assets (*i.e.*, the sale proceeds) among the beneficiaries as directed by Ash's will. Pursuant to ***Stricker***, we conclude this order is neither final nor collateral but, instead, is interlocutory. We note also that the instant interlocutory order is not listed as being appealable by right under Pa.R.A.P. 311, and Appellant did not secure permission to file this interlocutory appeal under Pa.R.A.P. 312. Because the order is not appealable, we lack jurisdiction to address the merits of [Heit's] claims. ***In re Estate of Allen***, 960 A.2d 470, 471 (Pa.Super.2008). Therefore, we quash this matter.

In reaching our result, we are mindful that the Rules of Appellate Procedure addressing the appealability of Orphans' Court orders have changed somewhat since ***Stricker*** was decided. At the time of ***Stricker***, Pa.R.A.P. 342 indicated, *inter alia*, that an order determining an interest in realty would be immediately appealable upon a determination of finality by an Orphans' Court. Effective February 13, 2012, the Supreme Court deleted from Rule 342 the provision concerning the ability of an Orphans' Court to make determinations of finality and, instead, listed various orders that would be immediately appealable. ***See*** Pa.R.A.P. 342(a). Among the orders listed in Rule 342 is an order determining an interest in real property. Pa.R.A.P. 342(a)(6).

We do not believe the order before us is one of the appealable orders set forth by Rule 342, whether in Subsection (6) or otherwise. Consequently, we do not believe Subsection (6) and/or any other post ***Stricker*** changes to Rule 342 negate ***Stricker*** and render the order before us appealable. We understand the effect of the instant order will be to allow the realty sale and, if the administratrix sells the tracts, Fetter will come to own them. Thus, if the sale is completed, the order will eventually lead to a change in the ownership interest of the realty. **Nevertheless, the Orphans' Court decision now on appeal did not involve the court having to resolve some dispute about who had or has an interest in the tracts: The estate obviously owns them. The court's decision was about**

---

***Cherry***, we quashed as interlocutory an appeal from an order signaling that the trial court would deny any application to sell the decedent's property. ***Estate of Cherry***, 111 A.3d at 1210–1211.

**whether the administratrix should be required to encumber one tract with an easement and about the propriety of her plan to reduce the estate assets to cash by sale to a particular party, the goal being to distribute the sale proceeds in accordance with the will. The court's decision was not about determining an interest in the subject realty. Accordingly, *Stricker* controls this case.**

*Ash*, 73 A.3d 1289–1290 (footnotes omitted; emphasis supplied).

Applying *Ash*, I conclude that the April 30, 2013 order at issue was interlocutory. Like the decedent in *Ash*, Sophia owned three parcels ("the Property") that she did not specifically devise to her children. Also like the decedent in *Ash*, Sophia provided that the residue of the estate, including the Property, was to be divided equally among her four children. Last Will and Testament, 8/18/99, at Item II. With that goal in mind, Sophia's executor filed a petition to permit the private sale of the Property in July of 2010. Appellant objected to the sale, claiming an ownership interest in the Property based on an oral agreement she had with Sophia. The orphans' court determined that Appellant did not have an ownership interest in the Property and granted permission for a private sale. Order, 3/22/11. Pursuant to Pa.R.A.P. 342(a)(6), Appellant could have appealed that decision because it determined an interest in property, but she did not. Rather, she filed a civil complaint against the Estate, which the trial court dismissed after finding no oral contract existed between Sophia and Appellant. Order, 12/24/12.

After the private sale of the Property on February 15, 2013, Sophia's executor petitioned for approval of the sale. Over Appellant's objections, the

orphans' court granted the petition. Order, 4/30/13. Thus, as in **Ash**, the purpose of the April 30, 2013 order was not to resolve some dispute about who had an interest in the Property; that issue was determined in favor of the Estate prior to the private sale. Order, 3/22/11; Order, 12/24/12. Rather, the April 30, 2013 order was about approving the executor's "plan to reduce the estate assets to cash by sale to a particular party, the goal being to distribute the sale proceeds in accordance with the will." **Ash**, 73 A.3d at 1290. Thus, contrary to the Majority's conclusion, the orphans' court's decision was not about determining an interest in real property; it was about achieving distribution of the estate equally to Sophia's children. Accordingly, **Stricker** and **Ash** control this case.[2]

Based on the foregoing, I disagree with the Majority's conclusions that the April 30, 2013 order was final and, therefore, appealable pursuant to Pa.R.A.P. 342(a)(6); that Appellant should have filed an appeal from the April 30, 2013 order; and that because Appellant did not appeal that order,

_____

[2] Nor was the April 30, 2013 order appealable as a collateral order under Pa.R.A.P. 313. **See Ash**, 73 A.3d at 1289 (concluding that an order authorizing the sale of real property of the decedent's estate was not a collateral order under Rule 313); **Striker**, 977 A.2d at 1119 (holding that order directing sale of real property was not appealable as a collateral order). The Property is the primary estate asset. "Consequently, its eventual disposition will serve directly the final account and distribution of the estate. Accordingly, it is central to the main cause of action and it does not qualify as a collateral order subject to immediate appeal." **Estate of Cherry**, 111 A.3d at 1211 (internal quotation marks omitted).

her issues regarding the private sale are waived.  Therefore, I would address those issues on the merits.  In all other respects, I join the Majority Opinion.