J-S73036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, N.A., SUCCESSOR BY MERGER TO CHASE HOME FINANCE, LLC, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| REBECA L. WALDRON, | : : | |
| Appellant | : | No. 305 MDA 2017 |

Appeal from the Order Entered January 25, 2017
in the Court of Common Pleas of Berks County
Civil Division at No(s): 10-19195

BEFORE:  OLSON, DUBOW, and STRASSBURGER,* JJ.

JUDGMENT ORDER BY STRASSBURGER, J.:     **FILED DECEMBER 08, 2017**

Rebeca L. Waldron timely appealed from the January 25, 2017 order that granted summary judgment to JP Morgan Chase Bank, N.A., in this mortgage foreclosure action.[1]  On February 17, 2017, the trial court ordered Waldron to file within 21 days a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Waldron did not comply.

"'[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925.  Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.'"

---

[1] The order is dated January 19, 2017, but was not filed until January 25, 2017.  We have amended the appeal paragraph accordingly.

* Retired Senior Judge assigned to the Superior Court

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (quoting ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998)). Furthermore, "the courts lack the authority to countenance deviations from the Rule's terms; [and] the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[.]" ***Id.***

By failing to file the court-ordered statement, Waldron waived all of the issues she raises in this appeal.[2] No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017

---

[2] Waldron claims in this Court that she complied with the trial court's order, Waldron's Brief at 36, and attached to her brief a "docket statement of errors." Therein, Waldron claims that a statement of errors "was put on the docket" on February 28, 2017. Her claim is not borne out by the record, and is contrary to the representation of the trial court. Trial Court Opinion, 4/11/2017, at 3 ("At the time of this writing, no statement of errors complained of on appeal has been filed."). On the contrary, rather than evidencing compliance with the trial court's order, our examination of the attached document reveals that it was time-stamped as filed in the trial court on July 25, 2017, a date that was: (a) months after its due date, (b) long after the trial court authored its opinion and transmitted the record to this Court, and (c) the same day on which this Court granted Waldron's third request for an extension of time to file her appellate brief. As such, Waldron's efforts did not preserve her issues for our review. ***Estate of Cherry***, 111 A.3d 1204, 1206 (Pa. Super. 2015) ("As a matter of law, the untimely filing of a Rule 1925(b) statement results in the waiver of all issues raised on appeal.").